■ PAUL SZYMANSKI et al., Appellants, v NABISCO, INC., Respondent and Third-Party Plaintiff-Appellant et al., Defendant. GOERGEN-MACKWIRTH Co., Third-Party Defendant-Respondent. [684 NYS2d 122] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the fol-

lowing Memorandum: Paul Szymanski (plaintiff), an employee of third-party defendant, sustained injuries when a ladder upon which he was standing fell. At the time of the accident, plaintiff was removing a large tray from a conveyor system in the plant owned by defendant-third-party plaintiff, Nabisco, Inc. (Nabisco). The tray had developed cracks, and plaintiff's employer had been hired to remove the tray and take it to its shop to fabricate a replacement. Supreme Court erred in denying plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) claim and in granting the cross motion of third-party defendant for summary judgment dismissing that claim. Plaintiff was engaged in a protected activity, the repair of a structure, at the time of the accident, and was not performing routine maintenance (*see, Cook v Presbyterian Homes,* 234 AD2d 906; *Benfanti v Tri-Main Dev.,* 231 AD2d 855; *Salzler v New York Tel. Co.,* 192 AD2d 1104; *cf., Becker v Clearview Acres,* 237 AD2d 926).

Plaintiffs established that the ladder that fell did not have rubber feet and was not tied off and thus that proper protection had not been provided, and third-party defendant failed to raise a triable issue of fact whether the actions of plaintiff were the sole proximate cause of his injuries (*cf., Weininger v Hagedorn & Co.,* 91 NY2d 958, *rearg denied* 92 NY2d 875).

There are questions of fact whether Nabisco and third-party defendant agreed to be bound by an indemnification clause in a contract covering the work that plaintiff was performing but signed a week after the accident. Thus, the court erred in granting the cross motion of third-party defendant for summary judgment dismissing Nabisco's claim for contractual indemnification but properly denied that part of Nabisco's motion for summary judgment on contractual indemnification (*cf., Sweeting v Board of Coop. Educ. Servs.,* 83 AD2d 103, 112, *lv denied* 56 NY2d 503). The court also properly denied that part of the motion of Nabisco for summary judgment on its claim for common-law indemnification because there are questions of fact whether Nabisco was actively at fault (*see, Hollenbaugh v Frontier Asphalt,* 231 AD2d 865, 866; *Eastman v Volpi Mfg. USA, Co.,* 229 AD2d 913). (Appeals from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.