■ DAVID G. ADDERLY et al., Appellants, v ADF CONSTRUCTION CORPORATION et al., Respondents and Third-Party Plaintiffs. EMPSON-BIEBER Co., INC., Also Known as EMPSON-BIEBER CUSTOM HOMES, Third-Party Defendant-Respondent. [710 NYS2d 275] —Order reversed on the law without costs and motion granted. Memorandum: David G. Adderly (plaintiff) was installing windows in an apartment building when the ladder upon which he was working "kicked out" from under him, causing him to fall 15 feet to the ground. The ladder was not tied off at the time of plaintiff's accident. Supreme Court erred in denying plaintiffs' motion for partial summary judgment on liability pursuant to Labor Law § 240 (1). Plaintiffs met their initial burden by submitting evidence establishing that the ladder was not so "placed * * * as to give proper protection to" plaintiff (Labor Law § 240 [1]; *see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 561-562; *Szymanski v Nabisco, Inc.,* 256 AD2d 1154, 1155), and defendants failed to raise an issue of fact whether plaintiff's conduct was the sole proximate cause of the accident (*see, Lawrence v Forest City Ratner Cos.,* 268 AD2d 380; *cf., Weininger v Hagedorn & Co.,* 91 NY2d 958, *rearg denied* 92 NY2d 875).

All concur except Balio, J., who dissents and votes to affirm in the following Memorandum.

Balio, J. (dissenting). I respectfully dissent and would affirm

on the ground that plaintiffs have not established as a matter of law that the ladder itself or the safety spikes attached to it were defective, nor have they established that the absence of any other safety device was a proximate cause of the accident (*see, Felker v Corning Inc.*, 90 NY2d 219, 224; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524, *rearg denied* 65 NY2d 1054; *Duda v Rouse Constr. Corp.*, 32 NY2d 405, 410). Thus, I conclude that plaintiffs did not meet their initial burden of establishing their entitlement to judgment on liability as a matter of law with respect to the Labor Law § 240 (1) claim. Even assuming that plaintiffs met their initial burden, I further conclude that defendants raised a triable issue of fact whether the actions of plaintiff David G. Adderly were the sole proximate cause of his injuries (*see, Weininger v Hagedorn & Co.*, 91 NY2d 958, 960, *rearg denied* 92 NY2d 875). (Appeal from Order of Supreme Court, Erie County, La-Mendola, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Scudder, Kehoe and Balio, JJ.