■ LYNDON J. EVANS et al., Appellants-Respondents, v ANHEUSER-BUSCH, INC., Respondent-Appellant. [716 NYS2d 268] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Supreme Court erred in denying plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) claim. Plaintiffs established that Lyndon J. Evans (plaintiff) was standing on the second highest step of a 10-foot unsecured stepladder while installing a water pipe at defendant's plant. As plaintiff began to descend the ladder, the ladder skidded, and plaintiff lost his balance and fell. Assuming, arguendo, that defendant's submission in opposition to the motion is in proper evidentiary form, we conclude that defendant failed to controvert those facts essential to establishing its liability under Labor Law § 240 (1) and failed to raise a triable issue of fact whether plaintiff's actions were the sole proximate cause of the accident (*see, Szymanski v Nabisco, Inc.*, 256 AD2d 1154, 1155).

The court did not abuse its discretion in granting plaintiffs' motion to preclude defendant from using at trial surveillance tapes of plaintiff that were produced prior to the date of the court's order on plaintiffs' motion and a recorded statement of plaintiff made by defendant. Defendant failed to produce the surveillance tapes and the recorded statement in response to plaintiffs' discovery demands at times when defendant knew or

should have known that they existed (*see, Barrowman v Niagara Mohawk Power Corp.*, 252 AD2d 946, 947, *lv denied* 92 NY2d 817). Thus, we modify the order by granting plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) claim. (Appeals from Order of Supreme Court, Onondaga County, Centra, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.