■ FRANCIS DAHL, JR., et al., Respondents, v ARMOR BUILD-ING SUPPLY, Appellant. [720 NYS2d 880] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (1). Plaintiffs sustained their initial burden on the motion by demonstrating that Francis Dahl, Jr. (plaintiff) was engaged in a protected activity, the erection of a building or structure (*see,* Labor Law § 240 [1]), and that his accident involved the elevation-related hazards that the statute was intended to protect against (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560-561; *see generally, Mel-*

ber v 6333 Main St., 91 NY2d 759, 762-763). Plaintiffs further established the requisite causal link between the injuries and the violation of defendant's nondelegable duty to ensure that the ladder or some other device (e.g., scaffolding present elsewhere at the site) was "so constructed, placed and operated as to give proper protection" to plaintiff (Labor Law § 240 [1]; see, Melber v 6333 Main St., supra, at 762; Felker v Corning Inc., 90 NY2d 219, 224; Zimmer v Chemung County Performing Arts, 65 NY2d 513, 524, rearg denied 65 NY2d 1054). Defendant failed to sustain its burden of raising a triable issue of fact. Defendant's contention that the ladder provided to plaintiff was an adequate safety device lacks merit; the fact that the ladder "tipped" establishes that it was not so "placed * * * as to give proper protection" to plaintiff (Labor Law § 240 [1]; see, Felker v Corning Inc., supra, at 224; see, Pomarzynski v Park School, 278 AD2d 946; Evans v Anheuser-Busch, Inc., 277 AD2d 874; Adderly v ADF Constr. Corp., 273 AD2d 795). Contrary to its further contention, defendant failed to raise a triable issue of fact whether the conduct of plaintiff was· the sole proximate cause of his injuries (see, Villeneuve v State of New York, 274 AD2d 958; Adderly v ADF Constr. Corp., supra, at 795). (Appeal from Order of Supreme Court, Genesee County, Rath, Jr., J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Kehoe and Lawton, JJ.