■ JOHN L. HANDLEY et al., Appellants, v J.N. WHITE AsSOCIATES, INC., et al., Respondents. [732 NYS2d 783] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by John L. Handley (plaintiff) in two separate work-related accidents. Supreme Court properly denied that part of plaintiffs' motion seeking partial summary judgment on liability on the Labor Law § 240 (1) cause of action against defendant J.N. White Associates, Inc. (J.N. White). The accident involving J.N. White occurred when plaintiff was standing on a raised scissor lift installing ducts. After placing a new section of heating duct, he bent down to the lift platform to pick up his drill in order to secure the new duct. As he did so, the new duct fell, striking and injuring his left wrist. Labor Law § 240 (1) does not apply in these circumstances because the duct "that fell on plaintiff was not a material being hoisted or a load that required securing for the purposes of the undertaking at the time it fell" (*Narducci v Manhasset Bay Assocs.*, 96 NY2d 259, 268; *see also, Klien v County of Monroe*, 219 AD2d 846, 847, *lv denied* 87 NY2d 804).

The court erred, however, in denying that part of plaintiffs' motion seeking partial summary judgment on liability on the Labor Law § 240 (1) cause of action against defendants DGA Builders, Inc. (DGA), the owner of the site where the second accident occurred, and Perinton Manor Associates (PMA), the general contractor. The accident involving those defendants occurred when plaintiff was installing heating and cooling components. Plaintiff and a co-worker were installing ducts along a cathedral ceiling from fully extended 10-foot A-frame ladders positioned on an uneven floor composed of broken concrete and compacted dirt. Plaintiff fell while standing near the top of a ladder. We conclude that plaintiffs met their initial burden by establishing that the ladder "was not so 'placed * * * as to give proper protection to' plaintiff" (*Adderly v ADF Constr. Corp.*, 273 AD2d 795; *see also, Pomarzynski v Park School*, 278 AD2d 946). In opposition, DGA and PMA merely speculated that plaintiff may have used his ladder improperly, and thus those defendants failed to raise an issue of fact whether the actions of plaintiff were the sole proximate cause of his accident (*see, Sciolino v Village of Warsaw*, 280 AD2d 920; *Cricks v Niagara Mohawk Power Corp.*, 278 AD2d 813, 814; *Evans v Anheuser-Busch, Inc.*, 277 AD2d 874; *see generally, Weininger v Hagedorn & Co.*, 91 NY2d 958, *rearg denied* 92 NY2d 875), particularly in view of the fact that plaintiff had to place the ladder on an uneven surface. We therefore modify the order by granting that part of plaintiffs' motion seeking partial summary judgment on liability on the Labor Law § 240 (1) cause of action against DGA and PMA.

Because plaintiffs have failed to address the propriety of the court's dismissal of the Labor Law §§ 200 and 241 (6) and common-law negligence causes of action against J.N. White and the Labor Law § 200 and common-law negligence causes of action against DGA and PMA, any issues with respect to the dismissal of those causes of action are deemed abandoned (*see, Ciesinski v Town of Aurora*, 202 AD2d 984). (Appeal from Order of Supreme Court, Monroe County, Frazee, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Burns and Gorski, JJ.