■ MICHAEL A. PETIT, Respondent, v BOARD OF EDUCATION OF WEST GENESEE SCHOOL DISTRICT et al., Appellants. [762 NYS2d 557] —Appeal from an order of Supreme Court, Onondaga County (Murphy, J.), entered May 22, 2002, which granted plaintiff's motion seeking partial summary judgment on liability on the cause of action under Labor Law § 240 (1) and denied defendants' cross motion for partial summary judgment dismissing that cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court properly granted plaintiff's motion seeking partial summary judgment on liability on the cause of action under Labor Law § 240 (1) and denied defendants' cross motion for partial summary judgment dismissing that cause of action. Plaintiff commenced this action seeking damages for injuries he sustained when he fell from the second rung of a six-foot folding fiberglass stepladder. Plaintiff had placed the ladder, in an open and locked position, on the interior floor of the building next to a doorway where he was working. According to plaintiff's uncontradicted account of the fall, the ladder tipped or "kicked out" from under plaintiff as he started to drill the top holes for hinges to be placed in the doorway.

Here, as in *Dahl v Armor Bldg. Supply* (280 AD2d 970 [2001]), "[d]efendant[s'] contention that the ladder provided to

plaintiff was an adequate safety device lacks merit; the fact that the ladder 'tipped' establishes that it was not so 'placed * * * as to give proper protection' to plaintiff" (*id.* at 971; *see Klein v City of New York*, 89 NY2d 833, 834-835 [1996]; *Woodworth v American Ref-Fuel*, 295 AD2d 942 [2002]; *Evans v Anheuser-Busch, Inc.*, 277 AD2d 874 [2000]; *see generally Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]). Contrary to their further contention, defendants failed to raise a triable issue of fact whether plaintiff's conduct was the sole proximate cause of the accident (*see Panek v County of Albany*, 99 NY2d 452, 458 [2003]; *Dahl*, 280 AD2d at 971; *Adderly v ADF Constr. Corp.*, 273 AD2d 795 [2000]; *cf. Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998], *rearg denied* 92 NY2d 875 [1998]; *Costello v Hapco Realty*, 305 AD2d 445 [2003]). Present—Hurlbutt, J.P., Scudder, Kehoe, Burns and Gorski, JJ.