■ NELSON BURKE et al., Appellants, v APV CREPACO, INC., et al., Respondents and Third-Party Plaintiffs. TWINCO, INC., Third-Party Defendant-Respondent. [770 NYS2d 510]—

Appeal from an order of Supreme Court, Erie County (Mahoney, J.), entered December 16, 2002, which denied plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Nelson Burke (plaintiff) while he was installing an exhaust fan. Plaintiff fell when the unsecured ladder from which he was working tipped over. Supreme Court erred in denying plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1). Plaintiffs established that the ladder was too short and that it was unstable and "shook" when not being held. Plaintiffs thereby met their initial burden by establishing as a matter of law that the ladder failed to provide adequate protection for plaintiff and thus that defendants breached their duty pursuant to Labor Law § 240 (1) (*see Klein v City of New York*, 89 NY2d 833, 834-835 [1996]; *Petit v Board of Educ. of W. Genesee School Dist.*, 307 AD2d 749 [2003]; *Dahl v Armor Bldg. Supply*, 280 AD2d 970, 971 [2001]). Defendants failed to raise a triable issue of fact whether the actions of plaintiff were the sole proximate cause of his injuries (*see Dahl*, 280 AD2d at 971; *cf. Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998], *rearg denied* 92 NY2d 875 [1998]). Because plaintiff's fall was caused by the inadequacy of the equipment and not plaintiff's conduct alone, that conduct cannot be found to be the sole proximate cause of plaintiff's injuries. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.