OPINION OF THE COURT
Robert F. Julian, J.
Relief Requested: Plaintiff moves for partial summary judgment *547 determining liability against the defendant pursuant to Labor Law § 240.
Holding: Partial summary judgment granted. Plaintiffs fall was caused by a violation of Labor Law § 240.
Discussion: Citing Blake v Neighborhood Hous. Servs. of N.Y. City, Inc. (1 NY3d 280 [2003]), the defendant argues that the plaintiff has failed to demonstrate any violation of Labor Law § 240, that the ladder in question was sound and sufficient, that the plaintiffs negligence was the sole cause of his injury, and that plaintiff is therefore not entitled to summary judgment. The defendant argues that “the Plaintiff was the only professional on the site who was experienced in doing roofing work. Plaintiff has testified that he placed the ladder in its location; that he chose not to tie it off; and that this decision was based on his opinion that tying off the ladder was not necessary.”
Assuming arguendo the absolute truth of defendant’s statement of the facts, the rulings in Blake (supra) do not defeat this plaintiffs entitlement to summary judgment on liability under Labor Law § 240.
Factual Analysis
The facts in Blake (supra) are very different from those in the case at bar. Indeed one could argue that the facts in Blake are rare, if not unique. In Blake the plaintiff supplied his own extension ladder and was standing on the extension portion of the ladder when it telescoped and collapsed, resulting in the plaintiffs foot being trapped between rungs of the ladder. The ladder did not fall to the ground. The plaintiff, in his unsuccessful motion for summary judgment and at trial, did not put forward a theory as to why the ladder telescoped or connect that theory with a violation of section 240 (1) of the Labor Law. Blake simply asserted that the ladder collapsed, causing his injury. Indeed, Blake testified that the ladder was in good working order prior to and subsequent to his injury, that it had no defective condition, that he believed he fastened the hooks that supported the extension portion of the ladder on the base portion, that the ladder had appropriate feet and that in his opinion there was no need to secure the ladder to the building or to have someone hold the ladder.[1] The ladder did not fall to the ground until after Blake sustained an injury to his foot, which *548 had become trapped between rungs. [2] There was no indication or demonstration in Blake of any required safety device which was not present, was not properly placed or secured, or which failed. There was only proof of a ladder which had adequate and appropriate safety devices. Blake stands for the proposition that a Labor Law § 240 plaintiff is required to show a statutory violation which caused the injury complained of. The statute requires that proper and adequate safety equipment be provided and properly placed and operated. Blake also recognizes that the collapse of a safety device (a ladder, a scaffold) raises a presumption that the device was inadequate and that the statute was violated, but only a rebuttable presumption. In Blake the defendant was able to establish — through the plaintiff’s own testimony — that there was nothing defective or inappropriate or inadequate about the safety device in question, its placement, or its operation. The defendant established, through Blake’s own testimony, that there was no statutory violation. Blake, himself, rebutted the presumption, and offered no evidence, factual or expert,[3] of a statutory violation.
*549 The facts in the case at bar are markedly different in that this ladder was not properly secured against side slip by any other or different or additional or included safety device, and side slip caused the fall. When a ladder slips from its position because it is unsecured against slipping, liability will attach pursuant to section 240. (See Evans v Anheuser-Busch, Inc., 277 AD2d 874 [4th Dept 2000]; Petit v Board of Educ., 307 AD2d 749 [4th Dept 2003]; Burke v APV Crepaco, Inc., 2 AD3d 1279 [4th Dept 2003].) Plaintiff here has asserted violations of Labor Law § 240 (1), in that the ladder was not provided with proper protection against slipping and was not secured or steadied by either mechanical or human means while plaintiff climbed it. The defendant has provided no fact or opinion constituting evidence that the ladder was properly secured and hence provided proper protection. It has thus not shown a triable issue of fact regarding the cited violations. This is exactly contrary to the situation in Blake, in which the plaintiff himself provided the evidence that there was no statutory violation.
Plaintiff Bustos was working as a carpenter, building an addition to the defendant’s business structure. On the day in question, he was working alone on a roof, but the defendant had sent an employee, who had just been lifted to the roof by a forklift, to assist him. It is undisputed that the ladder upon which Bustos was climbing slid sideways and fell as he was carrying an A-frame stepladder to the roof to assist him in his work. The plaintiff fell to the ground with the falling ladder, and sustained fractures. Although the proof in the depositions is confusing, the court concludes that the roof was at a 20-foot elevation based on the testimony of defendant’s employee Hazelton (exhibit 6 of plaintiffs motion at 17). The plaintiff was using a 20-foot extension ladder to access the roof area; however, the ladder was not tied or otherwise secured to the building and no one was holding it. Included in the plaintiffs’ assertion that no safety equipment was provided, they allege that a scaffold was required. The defendant responds that the ladder in ques *550 tion was in good working order and the sole cause of the fall was the plaintiff’s misuse of the ladder by hand carrying a stepladder up the extension ladder. The absence of a scaffold is not addressed.[4]
Legal Analysis
The defendant mistakes the import of Blake and fails to refute plaintiffs prima facie showing of statutory violations. The Court of Appeals decision in Blake simply clarified that Labor Law § 240 (1) provides absolute liability only when the injured plaintiff proves a violation of the Labor Law that is a contributing cause of his or her injury. Judge Rosenblatt explains very succinctly the cornerstone of Blake, “Here, plaintiff has shown no violation of Labor Law § 240 (1).” (Blake at 289.)
The defendant asserts that plaintiff Bustos located the ladder, chose not to tie it off, and that this decision was based on plaintiffs opinion that tying off the ladder was not necessary. Therefore the defendant argues, the ladder slipped and fell with Bustos on it solely because of Bustos’ failure to secure the ladder or erect a scaffold. The defendant ignores that it had a statutory duty to provide the equipment to tie off the ladder and make certain the ladder was tied off pursuant to Labor Law § 240 (1) — unlike Blake where there was no evidence of a missing or defective or defectively placed ladder or other safety device. Blake testified that the ladder in question had the proper safety equipment and there was no allegation that any safety equipment was not provided. It may have been negligent for the plaintiff in the case at bar not to tie off the ladder, but the undisputed evidence before this court is that the defendant did not provide any safety devices so that the ladder could be tied off nor did it provide scaffolding. The defendant had a nondelegable duty to provide these safety devices and to see to their use. It did neither. Plaintiff Bustos’ failure to tie off the ladder, while arguably negligent, was not the sole cause of the ladder falling. (Weininger v Hagedorn & Co., 91 NY2d 958 [1998].)
It is likely that many ladder and scaffold cases involve failures by the injured plaintiff worker to engage in safe conduct. The statute provides absolute liability to a covered worker in a section 240 (1) embraced work situation if there are statutory violations that cause injury (and the plaintiff is not a recalcitrant worker or engaging in non-work-related conduct).
*551 The plaintiffs negligence does not affect defendant’s liability. As the Court of Appeals stated in Blake (at 290):
“[I]t is conceptually impossible for a statutory violation (which serves as a proximate cause for a plaintiffs injury) to occupy the same ground as a plaintiffs sole proximate cause for the injury. Thus, if a statutory violation is a proximate cause of an injury, the plaintiff cannot be solely to blame for it.”
The Court of Appeals in Blake gives a clear indication of its thinking regarding the burden of proof in motions for summary judgment. The Court there (at 289 n 8) explains that in ladder or scaffold collapses or malfunctions, the plaintiff continues to have “a presumption that the ladder or scaffolding device was not good enough to afford proper protection. See Panek v County of Albany (99 NY2d 452, 458 [2003] [summary judgment appropriate for the plaintiff where it was uncontroverted that a ladder collapsed beneath him, causing the fall]).” The Court further explains that if the defendant offers a factual explanation whereby there was no statutory violation and the plaintiffs own acts or omissions were the sole cause of the injury, a fact question may be presented or summary judgment granted to the defendant. The Court notes in Blake (at 289 n 8) that it does not reach those specific issues because of the “procedural posture of the case” and thus does not rule as to whether or not it was error not to grant the defendant summary judgment or a directed verdict.
In the case at bar the plaintiff explains the fall of this ladder by asserting a breach of the defendant’s nondelegable duties under Labor Law § 240. The ladder was not secured either by tying it or having it held. The plaintiffs negligence in not effectuating these actions is rendered irrelevant by Labor Law § 240 (l)’s nondelegable statutory duties imposed upon the defendant as the owner of the premises upon which this structure was being built. The facts in this case are comparable to Haimes v New York Tel. Co. (46 NY2d 132 [1978] [an unsecured ladder fell 18 feet]) and Bland v Manocherian (66 NY2d 452 [1985] [the plaintiff fell through a fourth story window when the ladder on which he was standing collapsed]). In Bland v Manocherian, the Court cited its earlier decision in Zimmer v Chemung County Performing Arts (65 NY2d 513 [1985]) stating that section 240 (1) “imposes absolute liability upon an owner or contractor for failing to provide or erect safety devices necessary to give proper protection to a worker who sustains injuries proximately caused by that failure” (Bland at 459).
*552 The defendant’s violation of the statute by failing to provide a secure ladder that did not slide is irrefutably a contributing cause of the fall. Thus the plaintiffs negligence was not the sole cause of his injuries as in Blake (supra) or Weininger (supra). In the case at bar, whether or not the plaintiff’s carrying an A-frame ladder up this extension ladder was a misuse of the ladder, the defendant’s failure to provide a proper method to steady the ladder is a contributing cause of the ladder falling. Moreover, the unrefuted failure to provide a scaffold is a statutory violation that is likewise a contributing cause.
Although not argued in the motion, the court has considered the presence of defendant’s employee at the scene. He was sent by the defendant to assist the plaintiff and had already been placed on the roof by a forklift — described as a device with planking on it serving as a floor (and thus not a compliant device under Labor Law § 240 [2]). The employee was not assigned to hold the ladder. The assignment of the defendant’s employee to hold the ladder was the nondelegable statutory duty of the defendant in which it failed. (Haimes v New York Tel. Co., 46 NY2d at 137; Zimmer v Chemung County Performing Arts, 65 NY2d 513 [1985].) That the plaintiff also failed to make this assignment would not defeat summary judgment, whether or not he knew the employee to have been present. In any event the facts do not indicate that at the time of this fall Bustos knew the employee was on the roof; consequently Bustos was not in any position to so assign him.
Meade v Rock-McGraw, Inc. (307 AD2d 156 [1st Dept 2003]) is also not applicable to the case at bar. In Meade a stepladder was provided for plaintiff to work inside a closet. The plaintiff fell after he leaned the closed ladder against the wall. The Court concluded with one dissent that there was a question of fact as to whether or not the providing of the stepladder was compliant with the statute. That is not the factual circumstance in the case at bar as it is undisputed that the ladder in question was not secured and that scaffolding was not provided.
Therefore, the court grants summary judgment for the plaintiffs regarding liability and causation.

. Blake testified (from Appendix on appeal at A171-A185):
“Q. Did you check this ladder to make sure it wasn’t in any way defective before you used it?
“A. Yes, ma’am.
*548 “Q. Was the ladder defective?
“A. No, ma’am . . .
“Q. Was the ladder secure; was it steady?
“A. Yes. To my knowledge it was . . .
“Q. Mr. Blake, was there anything defective about these hooks on the extension ladder?
“A. No, ma’am. Not to my knowledge, no.
“Q. Was there any reason for anybody to be holding the ladder at the bottom?
“A. No, ma’am . . .
“Q. Mr. Blake, the ladder was not defective; is that correct?
“A. No.
“Q. It wasn’t broken?
“A. No.
“Q. It wasn’t shaky?
“A. No . . .
“Q. Was that extension ladder the appropriate type of equipment to use for the job you knew you had to do?
“A. Yes, ma’am.”

. Blake Appendix on appeal of appellants-plaintiffs at A177-A178.

. Defense counsel in effect solicited expert testimony from Blake: opinions that the ladder was the proper device for the job, that it was nondefective, that it was properly placed and operated. It is quite conceivable that even in the face of such testimony an expert safety engineer for plaintiff might well have been able to establish a section 240 violation by pointing out that the type of hooks used on the type of extension ladder Blake was using are spring loaded and are supposed to automatically click onto each succeeding rung as *549 the extension portion (the “fly”) of the ladder is pushed upward. The expert might have opined that there was, in Blake’s case, no realistic failure mode other than that the spring loaded hooks did not engage as required, that the ladder was therefore defective and/or improperly placed or operated causing it to collapse, and that the statute was thereby violated. Blake offered no engineering expert or indeed any evidence of defect other than the incident itself. In the case at bar the plaintiff concedes he did not tie off the ladder because he did not think it was necessary to do that. However, unlike Blake, he alleges in his pleadings a failure to provide tie offs, a failure to secure the ladder and a failure to provide a scaffold.

. Defendant’s responsive papers consist of an attorney’s affidavit, a letter memorandum of law and reliance on depositions attached to plaintiff’s motion. None of these competently refute the scaffold allegation.