JEFFREY WARD, Respondent, v CEDAR KEY ASSOCIATES, L.P., et al., Appellants. [787 NYS2d 792]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered August 15, 2003. The order granted plaintiff's motion for partial summary judgment on liability pursuant to Labor Law § 240 (1) in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries sustained when a scissor lift in which he was working at a construction site tipped and fell. Supreme Court properly granted plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1). Plaintiff met his initial burden on the motion by demonstrating that he was engaged in an activity included in the statute, the erection of a building or structure, and that his accident involved an elevation-related hazard that the statute was intended to protect against (*see generally Melber v 6333 Main St.*, 91 NY2d 759, 762-763 [1998]). Plaintiff further established the requisite causal link between his injuries and the violation of defendants' nondelegable duty to ensure that the scissor lift was "so constructed, placed and operated as to give proper protection" to plaintiff (Labor Law § 240 [1]; *see Melber*, 91 NY2d at 762; *Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520 [1985], *rearg denied* 65 NY2d 1054 [1985]). Defendants failed to raise a triable issue of fact. Defendants' contention that the scissor lift provided to plaintiff was an adequate safety device lacks merit; the fact that the scissor lift tipped establishes that it was not so "placed . . . as to give proper protection" to plaintiff (§ 240 [1]; *see Petit v Board of Educ. of W. Genesee School Dist.*, 307 AD2d 749, 749-750 [2003]; *Adderly v ADF Constr. Corp.*, 273 AD2d 795 [2000]). Contrary to their further contention, defendants failed to raise a triable issue of fact whether the conduct of plaintiff was the sole proximate cause of his injuries (*see Panek v County of Albany*, 99 NY2d 452, 458 [2003]; *Villeneuve v State of New York*, 274 AD2d 958 [2000]; *Adderly*, 273 AD2d at 795; *cf. Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998], *rearg denied* 92 NY2d 875 [1998]). Present—Green, J.P., Gorski, Martoche, Lawton and Hayes, JJ.