██ LAWRENCE W. BAILEY, Appellant-Respondent, v BOARD OF EDUCATION OF SKANEATELES CENTRAL SCHOOL DISTRICT et al., Respondents-Appellants. [796 NYS2d 810]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered September 7, 2004. The order denied plaintiff's motion seeking partial summary judgment on liability on the Labor Law § 240 (1) cause of action, denied plaintiff's cross motion seeking leave to amend the bill of particulars, granted defendants' cross motion seeking summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241 (6) causes of action, and granted in part and denied in part that part of defendants' cross motion with respect to the Labor Law § 240 (1) cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of defendants' cross motion with respect to the third cause of action in its entirety, reinstating that cause of action in its entirety and granting the motion and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in denying plaintiff's motion seeking partial summary judgment on liability on the cause of action alleging a violation of Labor Law § 240 (1) and in granting in part defendants' cross motion seeking summary judgment dismissing that cause of action. We note at the outset that the cross motion at issue was brought by defendant Burns Electric Co., Inc. and sought summary judgment dismissing the

complaint in its entirety and that the court treated the cross motion as if it were brought by all defendants. Thus, we do so as well.

At the time of his accident, plaintiff was on the third rung from the top of an eight-foot scissor ladder and was pulling cable through the ceiling using a jet line attached to and running the length of the cable. Plaintiff was leaning backward while pulling the cable by means of the jet line, and he fell from the ladder when the jet line broke. We agree with the court that the ladder was not defective and was properly placed (*cf. Burke v APV Crepaco*, 2 AD3d 1279 [2003]). We further conclude, however, that plaintiff was subjected to a second elevation-related risk, i.e., the known risk that the jet line could break, causing plaintiff to lose his balance and fall from the ladder when the tension from that line was released (*see Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]). Contrary to defendants' contention, the record establishes that the scaffold and lanyards on the work site were not available for plaintiff's use (*cf. Montgomery v Federal Express Corp.*, 4 NY3d 805 [2005]). We therefore conclude that "the absence of any protection [from the risk at issue] was the proximate cause of plaintiff's injuries as a matter of law" (*Felker*, 90 NY2d at 225; *see* Labor Law § 240 [1]). We have reviewed the remaining contentions of the parties and conclude that they are without merit. We therefore modify the order accordingly. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.