■ Scott F. Dean, Jr., Appellant, v City of Utica, Respondent/Third Party Plaintiff-Appellant-Respondent. Beaton Industries, Inc., Third-Party Defendant-Respondent-Appellant. [906 NYS2d 833]—

Appeals and cross appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered April 28, 2009 in a personal injury action. The order, inter alia, denied the motion of plaintiff for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying those parts of the motions of defendant/third-party plaintiff and third-party defendant for summary judgment dismissing the Labor Law § 240 (1) claim and reinstating that claim, and by granting that part of the motion of third-party defendant for summary judgment dismissing the common-law indemnification claim and dismissing that claim and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while working on a scissor lift. Plaintiff was replacing bearing brackets on a large garage door and was injured when the garage door opened and struck the scissor lift, causing it to fall over. Plaintiff thereafter moved for partial summary judgment on liability under Labor Law § 240 (1), and defendant/third-party plaintiff (hereafter, City) moved, inter alia, for summary judgment dismissing the Labor Law claims and for summary judgment on its claim for indemnification from third-party defendant, Beaton Industries, Inc. (Beaton). Beaton moved for summary judgment dismissing plaintiff's Labor Law claims and the City's third-party complaint. Supreme Court, inter alia, denied plaintiff's motion and granted those parts of the motions of the City and Beaton for summary judgment dismissing the Labor Law claims. Plaintiff raises no issues on appeal with respect to Labor Law § 241 (6) and thus is deemed to have abandoned any issues with respect thereto (see Ciesinski v Town of Aurora, 202 AD2d 984 [1994]). The court also denied that part of the motion of Beaton for summary judgment dismissing the third-party complaint.

We conclude that the court erred in granting those parts of the motions of the City and Beaton for summary judgment dismissing the Labor Law § 240 (1) claim. We therefore modify the order accordingly. The contention of the City that it established as a matter of law that the scissor lift provided to

plaintiff was an adequate safety device lacks merit. The mere fact that the scissor lift tipped over upon being struck by the garage door is sufficient to establish as a matter of law that the scissor lift was not so "placed . . . as to give proper protection" to plaintiff (*id.*; *see Ward v Cedar Key Assoc., L.P.*, 13 AD3d 1098 [2004]). We reject the contention of the City and Beaton that the actions of plaintiff were the sole proximate cause of the accident (*see Ward*, 13 AD3d 1098 [2004]). Even assuming, arguendo, that plaintiff should have ensured that the garage door was properly locked out or tagged out prior to beginning work, we conclude that his failure to do so raises, at most, an issue of comparative negligence, which is not "a defense [ ]available under" section 240 (1) (*Gizowski v State of New York*, 66 AD3d 1348, 1349 [2009]). Thus, we conclude that the City and Beaton failed to meet their initial burden of establishing their entitlement to judgment as a matter of law with respect to Labor Law § 240 (1) and that the court therefore erred in granting their motions insofar as they sought dismissal of that claim. We do not address the propriety of the court's denial of the motion by plaintiff for partial summary judgment under section 240 (1) inasmuch as plaintiff did not take an appeal from that part of the order denying his motion.

We reject the further contention of the City and Beaton that Labor Law § 240 (1) is inapplicable because plaintiff was performing only "routine maintenance" rather than "repair" work on the garage doors. The doors had been installed only weeks before, and the new bearing brackets were required because the previously installed bearing brackets were wearing down prematurely. Such premature deterioration of the brackets cannot be deemed "normal wear and tear" such that replacing the brackets would constitute routine maintenance (*Buckmann v State of New York*, 64 AD3d 1137, 1139 [2009]).

With respect to that part of the motion of Beaton for summary judgment dismissing the third-party complaint to the extent that it seeks common-law indemnification, we conclude that the court erred in denying that part of the motion. We therefore further modify the order accordingly. It is undisputed that plaintiff's injuries were not "grave" and thus the City's claim for common-law indemnification is barred by Workers' Compensation Law § 11. We agree with the court, however, that there are issues of fact concerning the City's claim for contractual indemnification, and the court therefore properly denied that part of Beaton's motion for summary judgment dismissing that claim. Present—Scudder, P.J., Peradotto, Lindley, Green and Gorski, JJ.