Bonczar v American Multi-Cinema, Inc. (2018 NY Slip Op 00712)





Bonczar v American Multi-Cinema, Inc.


2018 NY Slip Op 00712


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


1170 CA 17-00732

[*1]DAVID M. BONCZAR, PLAINTIFF-RESPONDENT,
v
AMERICAN MULTI-CINEMA, INC., DOING BUSINESS AS AMC THEATRES WEBSTER 12, AS SUCCESSOR IN INTEREST TO LOEWS BOULEVARD CINEMAS, INC., FORMERLY KNOWN AS LOEW'S BOULEVARD CORP. AND/OR LOEWS THEATER MANAGEMENT CORP., DEFENDANT-APPELLANT. 






RUSSO & TONER LLP, NEW YORK CITY (JOSH H. KARDISCH OF COUNSEL), FOR DEFENDANT-APPELLANT.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered March 1, 2017. The order granted the motion of plaintiff for partial summary judgment on the issue of liability under Labor Law § 240 (1). 
It is hereby ORDERED that the order so appealed from is reversed on the law without costs and the motion is denied.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell from a ladder in the lobby of a movie theater owned by defendant. At the time of the accident, plaintiff was updating a fire alarm system on behalf of his employer, which was subcontracted by the company hired by defendant to renovate the theater. We agree with defendant that Supreme Court erred in granting plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1). "In order to establish his entitlement to judgment on liability as a matter of law, plaintiff was required to show that the statute was violated and the violation proximately caused his injury' " (Miller v Spall Dev. Corp., 45 AD3d 1297, 1297 [4th Dept 2007], quoting Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]). Plaintiff did not know why the ladder wobbled or shifted, and he acknowledged that he might not have checked the positioning of the ladder or the locking mechanism, despite having been aware of the need to do so. We thus conclude that plaintiff failed to meet his initial burden on the motion. "[T]here is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8 [2003]; see generally Cullen v AT & T, Inc., 140 AD3d 1588, 1591 [4th Dept 2016]).
All concur except Whalen, P.J., and Lindley, J., who dissent and vote to affirm in the following memorandum: We respectfully dissent and would affirm. We conclude that plaintiff met his initial burden of establishing his entitlement to partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) by presenting evidence that the A-frame ladder from which he fell wobbled or shifted and therefore failed to provide him with proper protection, and that this violation of section 240 (1) was a proximate cause of his injuries (see Arnold v Baldwin Real Estate Corp., 63 AD3d 1621, 1621 [4th Dept 2009]; see also Kirbis v LPCiminelli, Inc., 90 AD3d 1581, 1582 [4th Dept 2011]). We further conclude that, in opposition to plaintiff's motion, defendant submitted no evidence that had not already been submitted by plaintiff and thus, contrary to defendant's contention in opposition to the motion, failed to raise a triable issue of fact with respect to whether plaintiff's own actions were the sole proximate cause of his injuries (see Siedlecki v City of Buffalo, 61 AD3d 1414, 1415 [4th Dept 2009]; Burke v APV Crepaco, 2 AD3d 1279, 1279 [4th Dept 2003]). The fact that plaintiff could not identify why the [*2]ladder shifted does not undermine his entitlement to partial summary judgment because a plaintiff who falls from a ladder that "malfunction[s] for no apparent reason" is entitled to "a presumption that the ladder . . . was not good enough to afford proper protection" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8 [2003]; see O'Brien v Port Auth. of N.Y. & N.J., 29 NY3d 27, 33 [2017]). Although plaintiff testified at his deposition that he did not recall whether he checked the positioning of the ladder or checked that it was "locked into place," he also testified that the ladder was upright and "fully open" near the middle of a small room, and we conclude that it would be unduly speculative for a jury to infer from plaintiff's testimony that the sole proximate cause of the accident was his alleged failure to check its positioning or its locking mechanism (see Pichardo v Urban Renaissance Collaboration Ltd. Partnership, 51 AD3d 472, 473 [1st Dept 2008]; Handley v White Assoc., 288 AD2d 855, 856 [4th Dept 2001]). A party moving for summary judgment "need not specifically disprove every remotely possible state of facts on which its opponent might win the case[, and plaintiff's] showing here was adequate to shift the burden to [defendant] to produce evidentiary proof . . . sufficient to establish the existence of material issues of fact,' " which defendant failed to do (Ferluckaj v Goldman Sachs & Co., 12 NY3d 316, 320 [2009]).
The majority's reliance on Blake is misplaced. The injured worker in that case sustained his injuries when the upper portion of his extension ladder retracted, and he testified at trial that he was not sure whether he had locked the extension clips, i.e., equipment meant to hold the upper portion of the ladder in place (id. at 283-284). Based on the injured worker's uncertainty and the fact that the accident occurred in the very manner that the extension clips were meant to prevent, it was logical for the jury to infer both that he had failed to lock the clips and that his negligence in that regard was the sole proximate cause of his injuries (see id. at 291; see generally Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743, 744 [1986]). Here, given that an A-frame ladder can wobble or shift for various reasons unrelated to its positioning or locking mechanism, and even for no apparent reason (see Alvarez v Vingsan L.P., 150 AD3d 1177, 1179 [2d Dept 2017]), we conclude that plaintiff's deposition testimony does not support a nonspeculative inference that the sole proximate cause of his injuries was his alleged failure to check the positioning of the ladder or whether it was locked into place (see generally Bombard v Christian Missionary Alliance of Syracuse, 292 AD2d 830, 831 [4th Dept 2002]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court