Vasquez v Gilbane Bldg. Co. (2024 NY Slip Op 00519)

Vasquez v Gilbane Bldg. Co.

2024 NY Slip Op 00519

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

630 CA 22-01058

[*1]NIDIA VASQUEZ, PLAINTIFF-RESPONDENT,
v
GILBANE BUILDING COMPANY, LION CONSTRUCTION SUPPLY & SERVICES, LLC, AND 683 NORTHLAND LLC, DEFENDANTS-APPELLANTS. 

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), AND RUPP PFALZGRAF LLC, FOR DEFENDANTS-APPELLANTS. 
MAXWELL MURPHY, LLC, BUFFALO (ALAN D. VOOS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeals from a judgment of the Supreme Court, Erie County (Henry J. Nowak, J.), entered June 24, 2022. The judgment, inter alia, denied defendants' motions to set aside the verdict and awarded plaintiff money damages as against defendants. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained at a construction site and alleging, inter alia, that her injuries were caused by defendants' violation of Labor Law § 240 (1). Plaintiff's injuries occurred while she was working as a laborer and a 32-foot-long extension ladder that had been leaning against a wall fell, hitting her on the head and left shoulder. According to plaintiff, the ladder fell as a result of the ground vibrations created by the heavy demolition debris falling in the vicinity of the ladder. Plaintiff moved for partial summary judgment on, inter alia, the issue of liability with respect to section 240 (1) and defendants cross-moved for, inter alia, summary judgment dismissing that claim. Supreme Court, among other things, granted plaintiff's motion with respect to her section 240 (1) claim against defendants and denied defendants' cross-motions with respect to that claim. After a trial on the issue of damages, the jury returned a verdict awarding plaintiff approximately $2.3 million. Defendants now appeal from a judgment awarding damages upon the jury verdict and denying their motions to set aside the verdict pursuant to CPLR 4404.
At the outset, we note that defendants' appeals from the final judgment bring up for review the propriety of the non-final order resolving the parties' respective motion and cross-motions for summary judgment (see CPLR 5501 [a] [1]; Hall v New York Cent. Mut. Fire Ins. Co., 211 AD3d 1585, 1586 [4th Dept 2022]; Baum v Javen Constr. Co., Inc., 195 AD3d 1378, 1378-1379 [4th Dept 2021]). We further note that, in their appeals, defendants do not contend that plaintiff failed to meet her initial burden on her motion for partial summary judgment with respect to the Labor Law § 240 (1) claim (cf. Vicki v City of Niagara Falls, 215 AD3d 1285, 1287 [4th Dept 2023]), and instead raise a pure question of law by contending that plaintiff's motion should be denied and their cross-motions should be granted with respect to the Labor Law § 240 (1) claim inasmuch as that statute is inapplicable here because the ladder that fell on plaintiff was not in use at the time of the accident. We reject that contention. Labor Law § 240 (1) "imposes absolute liability on building owners and contractors whose failure to provide proper protection to workers employed on a construction site proximately causes injury to a worker" (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7 [2011] [internal quotation marks omitted]). "Whether a plaintiff is entitled to recovery under Labor Law § 240 (1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies" (id.). Further, "liability is not limited to cases in which the falling [*2]object was in the process of being hoisted or secured" (id. at 9; see Quattrocchi v F.J. Sciame Constr. Corp., 11 NY3d 757, 758-759 [2008]). Here, plaintiff submitted evidence that she was struck by a 32-foot-long extension ladder that was folded and leaning against a wall. Plaintiff testified at her deposition that the ladder was a "heavy duty one[ ]," and the force of the ladder striking plaintiff caused her to fall to the ground. Thus, plaintiff's submissions established that she suffered a gravity-related injury and that, at the time the ladder fell, it was an object that "required securing for the purpose of the undertaking" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 663 [2014] [internal quotation marks omitted]; see Wilinski, 18 NY3d at 10; Outar v City of New York, 286 AD2d 671, 672 [2d Dept 2001], affd 5 NY3d 731 [2005]; Spero v 3781 Broadway, LLC, 214 AD3d 546, 547 [1st Dept 2023]; see generally Rodriguez v DRLD Dev. Corp., 109 AD3d 409, 409-410 [1st Dept 2013]; Orner v Port Auth. of N.Y. & N.J., 293 AD2d 517, 517-518 [2d Dept 2002]).
In the alternative, defendants contend that plaintiff's motion with respect to Labor Law § 240 (1) should be denied because there are issues of fact whether plaintiff bumped into the ladder with a wheelbarrow and thus knocked it over and was the sole proximate cause of the accident. We reject that contention. In support of her motion, plaintiff submitted her own deposition testimony in which she unequivocally denied bumping into the ladder. In opposition, defendants merely speculate that plaintiff may have caused the accident by bumping into the ladder with her wheelbarrow—an assertion based upon the equivocating testimony of a witness who did not personally observe the accident. Thus, defendants failed to raise an issue of fact whether the actions of plaintiff were the sole proximate cause of the accident (see Handley v White Assoc., 288 AD2d 855, 856 [4th Dept 2001]; see generally Ortega v Trinity Hudson Holding LLC, 176 AD3d 625, 626 [1st Dept 2019]). Moreover, even if defendants had submitted non-speculative evidence that plaintiff bumped into the ladder, that would be insufficient to raise an issue of fact with respect to sole proximate cause inasmuch as the record established that "the [ladder] tipped over in part due to being inadequately secured, [thus] raising only [the issue of] comparative negligence by plaintiff" (Ortega, 176 AD3d at 626; see Wolf v Ledcor Constr. Inc., 175 AD3d 927, 930 [4th Dept 2019]; see generally Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]).
Defendants also contend that the court erred in denying their posttrial motions to set aside the verdict because the amount awarded for future pain and suffering and future loss of earnings and benefits was unreasonable and contrary to the weight of the evidence. We reject that contention. In evaluating whether the jury award is excessive, we consider whether the verdict deviates materially from what is considered reasonable compensation (see CPLR 5501 [c]; Hotaling v Carter, 137 AD3d 1661, 1662 [4th Dept 2016]; Swatland v Kyle, 130 AD3d 1453, 1454-1455 [4th Dept 2015]). Because monetary awards for pain and suffering "are not subject to precise quantification . . . , we look to comparable cases to determine at which point an award deviates materially from what is considered reasonable compensation" (Grasha v Town of Amherst, 191 AD3d 1286, 1287 [4th Dept 2021], lv denied 37 NY3d 906 [2021] [internal quotation marks omitted]).
Here, plaintiff was 57 years old at the time of the accident and had a projected future life expectancy of 28 years. The evidence at trial established that, as a result of the accident, plaintiff sustained injuries to her cervical spine and left rotator cuff and had suffered headaches, chronic neck pain, weakness and numbness in her left arm, and loss of range of motion in her neck and arm. Plaintiff underwent an anterior discectomy and spinal fusion, which required the removal of the discs at C4-5, C5-6, and C6-7, and the insertion of spacers and bone graft. Plaintiff also established that she would require a similar surgery within the next two years because the herniation at C3-4 had gotten worse over time. Plaintiff further established that she would require surgery to repair a labral or posterior labral tear of the shoulder. Plaintiff's injuries caused persistent pain in her neck, shoulder, and arm, and she would need continued medical care in the future. We thus conclude that the jury's award of $1,250,000 for future pain and suffering does not deviate materially from reasonable compensation (see Demetro v Dormitory Auth. of the State of N.Y., 199 AD3d 605, 605-606, 610 [1st Dept 2021]; Nieva-Silvera v Katz, 195 AD3d 1035, 1037-1038 [2d Dept 2021]). Further, with respect to future lost earnings and benefits, we similarly conclude that the jury's award of $356,150 over five years did not deviate materially from reasonable compensation (see generally Nayberg v Nassau County, 149 AD3d 761, 762 [2d Dept 2017]; Guallapa v Key Fat Corp., 98 AD3d 650, 651 [2d Dept 2012]). Defendants' contention that the award for future earnings and benefits should be reduced on the [*3]ground that plaintiff's attorney conceded that the jury should deduct a year from future earnings is based on a misreading of the record. The record reveals that, at the time in question, plaintiff's attorney was discussing past earnings, not future ones. Thus, plaintiff did not concede that the award for future earnings and benefits should be reduced.
We have considered defendants' remaining contention and conclude that it does not warrant reversal or modification of the judgment.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court