■ JOEL J. HOWELL et al., Appellants, v ROCHESTER INSTITUTE OF TECHNOLOGY, Respondent and Third-Party Plaintiff-Respondent. CHARLES DRISCOLL MASONRY RESTORATION CO., INC., Third-Party Defendant-Appellant and Fourth-Party Plaintiff-Appellant; MASSACHUSETTS BAY INSURANCE COMPANY et al., Fourth-Party Defendants-Respondents. [594 NYS2d 513] — Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred by denying plaintiffs' motion for partial summary judgment under Labor Law § 240 (1). The uncontroverted facts in the record reveal that plaintiff Joel J. Howell was injured when he fell approximately 35 feet to the ground from a scaffold on which he was performing masonry work. The evidence established that the scaffold suddenly tipped and fell away at one end. Therefore, because plaintiff Joel Howell fell from an elevated worksite and no safety or protective devices were then in place to give proper protection to him, plaintiffs are entitled to partial summary judgment on their Labor Law § 240 (1) cause of action *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Staples v Town of Amherst,* 146 AD2d 292). Moreover, the availability of safety

devices at the worksite is insufficient to defeat plaintiffs' entitlement to summary judgment because "[a]n owner's statutory duty is not met merely by providing safety instructions or by making other safety devices available, but by furnishing, placing and operating such devices so as to give proper protection" (*Gordon v Eastern Ry. Supply*, 181 AD2d 990, 991; *see also, Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 523-524; *Heath v Soloff Constr.*, 107 AD2d 507, 510-512).

In all other respects, the order of Supreme Court is affirmed. (Appeals from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.