■ WILLIAM H. DEROCHA, II, Appellant, v OLD SPAGHETTI

WAREHOUSE, INC., Doing Business as SPAGHETTI WAREHOUSE, INC., Respondent and Third-Party Plaintiff. ZIPARO PAINTING, INC., Third-Party Defendant-Respondent. [617 NYS2d 89] —Order unanimously reversed on the law with costs and motion granted. Memorandum: Supreme Court erred in denying plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1). Plaintiff submitted proof in admissible form establishing both that the statute was violated and that the violation was the proximate cause of his injury *(see, Bland v Manocherian,* 66 NY2d 452; *Howell v Rochester Inst. of Technology,* 191 AD2d 1006; *Allman v Ciminelli Constr. Co.,* 184 AD2d 1022). The fact that no one saw plaintiff fall from the scaffold does not warrant the denial of summary judgment *(see, Davis v Pizzagalli Constr. Co.,* 186 AD2d 960, 961; *Marasco v Kaplan,* 177 AD2d 933). Employees of third-party defendant immediately came to plaintiff's assistance and had the opportunity to investigate the accident and to inspect the scaffold *(see, Davis v Pizzagalli Constr. Co., supra,* at 961; *Marasco v Kaplan, supra).* Speculation concerning the cause of plaintiff's fall, based upon inadmissible hearsay, is insufficient to create an issue of fact *(see, Allman v Ciminelli Constr. Co., supra,* at 1023; *Place v Grand Union Co.,* 184 AD2d 817). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Labor Law § 240 [1].) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.