■ JOSEPH MASIELLO, Respondent, v VINCENZO BELCASTRO, Appellant. [655 NYS2d 57] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated February 16, 1996, which granted the plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

The plaintiff was injured while attempting to install a replacement window from inside the second floor of the building in question. The old window had been removed, leaving an opening. As he was about to install the new replacement window, the plaintiff noticed a nail sticking out of the top of the window opening. He climbed onto the windowsill to remove the nail, but in doing so, his foot slipped, and he fell through the opening 20 to 25 feet to the ground below. It is undisputed that no safety devices were provided which might have prevented the accident.

The plaintiff submitted proof in admissible form establishing both that Labor Law § 240 (1) was violated and that the violation was a proximate cause of his injury (see, Keane v Sin Hang Lee, 188 AD2d 636; Ferrari v Niasher Realty, 175 AD2d 591). The fact the no one witnessed the plaintiff's fall does not warrant the denial of summary judgment. The plaintiff's account of the accident was uncontroverted, and the defendant has not offered any evidence, other than mere speculation, to call into question the plaintiff's credibility (see, DeRocha v Old Spaghetti Warehouse, 207 AD2d 978; Figueroa v Manhattanville Coll., 193 AD2d 778; Madigan v United Parcel Serv., 193 AD2d 1102; Davis v Pizzagalli Constr. Co., 186 AD2d 960). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.