■ Jaime Arce et al., Respondents, v 1133 Building Corporation et al., Appellants and Third-Party Plaintiffs. Inspeco Corporation, Third-Party Defendant-Appellant. (And a Fourth-Party Action.) [684 NYS2d 523] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about June 11, 1998, which granted plaintiffs' motion for partial summary judgment on liability, unanimously affirmed, without costs.

Plaintiff Jaime Arce's testimony that he fell from an unsteady ladder adequately made out a prima facie case of liability against defendants pursuant to Labor Law § 240 (1) and in so doing shifted the burden to defendants to submit evidence sufficient to raise a question of fact warranting trial of the liability issue (*Klein v City of New York*, 89 NY2d 833). Defendants did not satisfy their burden by relying upon the deposition testimony of a nonexpert witness who speculated that plaintiff's fall had been caused not by the allegedly problematic ladder but by extreme heat in plaintiff's work area, which caused plaintiff to faint and fall from the ladder. Where, as here, an eyewitness has testified as to the circumstances surrounding an accident and those circumstances sufficiently set forth prima facie grounds for imposition of liability, mere speculation is insufficient to deny a motion for summary judgment (*see*, *Masiello v Belcastro*, 237 AD2d 335; *DeRocha v Old Spaghetti Warehouse*, 207 AD2d 978; *Urrea v Sedgwick Ave. Assocs.*, 191 AD2d 319).

We note that even if the testimony of defendants' expert witness were sufficient to raise a fact question on the cause of plaintiff's fall, partial summary judgment would still have been properly granted to plaintiffs because defendants failed to

provide proper protection to plaintiff, e.g., a scaffold, in the event he became overcome by heat, which was foreseeable under the circumstances (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562; *Robinson v NAB Constr. Corp.*, 210 AD2d 86). Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.