FRANK T. PRIMAVERA et al., Appellants, v BENDERSON FAMILY 1968 TRUST et al., Respondents. [741 NYS2d 816] —Appeal from an order of Supreme Court, Erie County (Flaherty, J.), entered June 14, 2001, which, inter alia, denied plaintiffs' motion for partial summary judgment.

It is hereby Ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Frank T. Primavera (plaintiff) when he and the scissor lift he was operating fell into an empty, unguarded swimming pool. Supreme Court

properly denied plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) claim and dismissed that claim. Prior to the accident, plaintiff was installing duct work at a height of 18 to 20 feet. That work constituted an alteration of the building, an activity protected under the statute (*see Savigny v Marrano/Marc Equity Corp.*, 221 AD2d 942). The scissor lift that he was using to perform his work at an elevation, moreover, is a device that is "functionally similar" to a scaffold or ladder and thus "fall[s] within the statutory coverage" (*Drew v Correct Mfg. Corp., Hughes-Keenan Div.*, 149 AD2d 893, 894). Immediately before the accident, however, plaintiff lowered the scissor lift to its lowest position and maneuvered it to a spot near the swimming pool. When the scissor lift continued to roll, tipped and fell into the swimming pool, it was not the result of the hazards of installing duct work at an elevation, but rather was the result of a separate and unrelated hazard, i.e., an empty, unguarded swimming pool (*see generally Melber v 6333 Main St.*, 91 NY2d 759, 763-764). Thus, the accident was not the result of the type of hazard that the use or placement of the safety devices enumerated in Labor Law § 240 (1) was designed to protect against (*see Mazzu v Benderson Dev. Co.*, 224 AD2d 1009, 1010-1011). Present—Pigott, Jr., P.J., Green, Hurlbutt, Burns and Lawton, JJ.