■ Harold F. Howe, Jr., Appellant, v Syracuse University et al., Respondents. [760 NYS2d 922] —Appeal from that part of an order of Supreme Court, Onondaga County (Paris, J.), entered August 1, 2002, that denied plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

It is hereby ordered that the order insofar as appealed from

be and the same hereby is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained while demolishing a 15-foot cinder block wall. In the course of the work, the wall collapsed, crushing the six-foot scaffolding on which plaintiff was standing and causing him to fall or jump to the ground. The scaffold did not have safety railings, and plaintiff was not using safety or tie lines at the time of the accident. Supreme Court erred in denying plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1). Plaintiff met his initial burden of establishing that he was not furnished with appropriate safety devices within the meaning of the statute and that the absence of any such devices was a proximate cause of his injuries (*see Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]). Defendants contend that they raised a triable issue of fact whether the actions of plaintiff were the sole proximate cause of his injuries by submitting proof establishing that, instead of approaching the demolition from the top of the 15-foot wall, plaintiff attempted to demolish it from a point well below the top. We reject that contention (*cf. Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998], *rearg denied* 92 NY2d 875 [1998]).

Contrary to the further contention of defendants, they did not raise an issue of fact whether plaintiff was a recalcitrant worker. The recalcitrant worker defense "requires a showing that the injured worker refused to use the safety devices that were provided by the owner or employer" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 563 [1993]; *see Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993]). The defense has no application where, as here, safety devices were merely present elsewhere at the work site (*see Salotti v Wellco, Inc.*, 273 AD2d 862 [2000]). Defendants failed to submit proof in support of their contention that plaintiff was told to use a specific safety device and refused to do so (*see Hagins v State of New York*, 81 NY2d 921, 922-923 [1993]; *Savigny v Marrano/Marc Equity Corp.*, 221 AD2d 942 [1995]; *Young v Syroco, Inc.*, 217 AD2d 1011, 1012 [1995]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.