■ LAWRENCE GREER, Appellant, v HAYNER HOYT CORPORATION et al., Respondents. HAYNER HOYT CORPORATION, Third-Party Plaintiff, v M.S. OLENDER & SONS, Third-Party Defendant-Respondent. [791 NYS2d 794]—

Appeal from an order of the Supreme Court, Onondaga County (William R. Roy, J.), entered October 30, 2003. The order denied plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Plaintiff commenced this action to recover damages for injuries allegedly sustained in a construction accident. Supreme Court erred in denying plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1). Although plaintiff is unable to recall the manner in which he was injured, and none of plaintiff's coworkers saw or heard plaintiff fall, plaintiff established by the affidavit of his attending physician and the hospital records that his injuries could not have been sustained in any manner other than a fall from a height. Plaintiff suffered a fractured cervical vertebra, a displaced fracture of the left arm, and a head injury with significant resultant cognitive impairment. The mere fact that no one saw the manner in which the accident occurred is not determinative of the motion (see DeRocha v Old Spaghetti Warehouse, 207 AD2d 978, 979 [1994]; Davis v Pizzagalli Constr. Co., 186 AD2d 960, 961 [1992]). Because plaintiff established that his injuries occurred as a result of a fall from a height at a construction work site as a consequence of plaintiff's work and in the absence of adequate safety devices, plaintiff's motion for partial summary judgment should have been granted (see e.g. Smith v Hooker Chem. & Plastics Corp., 70 NY2d 994, 995-996 [1988], rearg denied 71 NY2d 995 [1988]). Present—Hurlbutt, J.P., Kehoe, Gorski, Pine and Hayes, JJ.