JONATHAN A. SZUBA, Appellant, v MARC EQUITY PROPER-TIES, INC., et al., Respondents. MARRANO/MARC EQUITY CORPORA-TION, Third-Party Plaintiff, v BIG G ROOFING COMPANY et al., Third-Party Defendants-Respondents. [798 NYS2d 813]—

Appeal from an order of the Supreme Court, Erie County (Barbara Howe, A.J.), entered January 14, 2004. The order, insofar as appealed from, denied plaintiff's motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law with costs and the motion is granted.

Memorandum: Plaintiff, an employee of third-party defen-dants, commenced this common-law negligence and Labor Law action to recover damages for injuries he sustained when he fell as he was cutting vent holes into the felt of a new roof of a house owned by defendants. Supreme Court erred in denying plaintiff's motion for partial summary judgment on the issue of defendants' liability on the Labor Law § 240 (1) claim. It is undisputed that the area in which plaintiff was working was not protected by the only safety device used on the site, two by fours attached to the edge of the roof. The presence of safety de-vices somewhere on the work site does not discharge the owner's duty to provide proper protection to workers (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 523-524 [1985], *rearg denied* 65 NY2d 1054 [1985]; *Young v Syroco, Inc.*, 217 AD2d 1011 [1995]; *Howell v Rochester Inst. of Tech.*, 191 AD2d

1006 [1993]). Plaintiff met his initial burden of establishing that he was not furnished with appropriate safety devices where he was working and that the absence of appropriate safety devices was a proximate cause of his injuries (*see Howe v Syracuse Univ.*, 306 AD2d 891 [2003]).

In opposition to the motion, defendants failed to raise an issue of fact whether plaintiff was a recalcitrant worker. That defense has no application where safety devices were merely present somewhere at the work site (*see Howe*, 306 AD2d at 892; *Salotti v Wellco, Inc.*, 273 AD2d 862 [2000]). An instruction by an employer or owner to avoid "unsafe practices is not a 'safety device' in the sense that plaintiff's failure to comply with the instruction is equivalent to refusing to use available, safe and appropriate equipment" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 563 [1993]; *see Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993]). Consequently, we reverse the order insofar as appealed from and grant plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claim. Present—Martoche, J.P., Smith, Lawton and Hayes, JJ.