RYAN WHITING, Respondent, v DAVE HENNIG, INC., et al., Appellants. [815 NYS2d 382]—

Appeals from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered April 26, 2005 in a personal injury action. The order granted plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1) and denied defendants' cross motions for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion of defendant R.A. Haitz Co., Inc. in part and dismissing the third cause of action against it and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries he sustained when he fell from the roof of a house under construction. Defendant Dave Hennig,

Inc. (Hennig) was the general contractor for the construction project, and Hennig subcontracted with defendant R.A. Haitz Co., Inc. (Haitz) to shingle the roof on the house. Haitz in turn subcontracted with plaintiff's employer to perform the work on the roof. Plaintiff moved for partial summary judgment on liability on the Labor Law § 240 (1) cause of action, and defendants each cross-moved for summary judgment dismissing the amended complaint against them. We conclude that Supreme Court properly granted plaintiff's motion but erred in denying that part of the cross motion of Haitz for summary judgment dismissing the third cause of action against it, implicitly treated by the parties and the court as one for common-law negligence and the violation of Labor Law § 200, and we therefore modify the order accordingly.

With respect to plaintiff's motion, we conclude that plaintiff met his burden of establishing his entitlement to judgment as a matter of law by establishing that he was not furnished with the requisite appropriate safety devices and that the absence of appropriate safety devices was a proximate cause of his injuries (*see Howe v Syracuse Univ.*, 306 AD2d 891 [2003]). Defendants failed to raise an issue of fact whether the actions of plaintiff were the sole proximate cause of his injuries inasmuch as plaintiff established that the accident was due, at least in part, to the lack of appropriate safety devices (*see Knauer v Anderson*, 299 AD2d 824, 824-825 [2002]). Contrary to defendants' further contention, the presence of safety harnesses somewhere on the work site does not satisfy the duty to provide appropriate safety devices (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 523-524 [1985], *rearg denied* 65 NY2d 1054 [1985]). Defendants did not contend in opposition to plaintiff's motion or in support of their cross motions that plaintiff is a recalcitrant worker and thus their present contention to that effect is not properly before us (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). In any event, that contention lacks merit. "The mere failure by plaintiff to follow safety instructions does not render plaintiff a recalcitrant worker" (*Young v Syroco, Inc.*, 217 AD2d 1011, 1012 [1995]).

With respect to that part of the cross motion of Haitz seeking summary judgment dismissing the common-law negligence and Labor Law § 200 cause of action against it, we conclude that Haitz established its entitlement to judgment as a matter of law with respect thereto by establishing that it did not supervise or control the work performed by plaintiff at the time of his accident (*see Fisher v Coghlan*, 8 AD3d 974, 976-977 [2004], *lv dismissed* 3 NY3d 702 [2004]). There is, however, a triable issue

of fact with respect to that part of the cross motion of Hennig seeking summary judgment dismissing that cause of action against it, i.e., whether Hennig's employees caused the hazardous condition by removing the safety equipment or had notice of the alleged hazardous condition that caused the accident (*see Bradley v Morgan Stanley & Co., Inc.*, 21 AD3d 866, 869 [2005]; *Havlin v City of New York*, 17 AD3d 172 [2005]). Present—Scudder, J.P., Kehoe, Martoche, Green and Hayes, JJ.