■ WILLIAM M. WILLIAMS, JR., et al., Appellants, v CITY OF NIAGARA FALLS et al., Respondents. [843 NYS2d 902]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered January 22, 2007 in a personal injury action. The order, insofar as appealed from, denied plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) claim.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by William M. Williams, Jr. (plaintiff)

when he fell from the roof of a building owned by defendant City of Niagara Falls. We conclude that Supreme Court erred in denying plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) claim. Plaintiffs established their entitlement to judgment as a matter of law with respect to Labor Law § 240 (1) by establishing that plaintiff was not furnished with the requisite safety devices and that the absence of appropriate safety devices was a proximate cause of his injuries (*see Howe v Syracuse Univ.*, 306 AD2d 891 [2003]), and defendants thus failed to raise an issue of fact whether the actions of plaintiff were the sole proximate cause of his injuries (*see Whiting v Dave Hennig, Inc.*, 28 AD3d 1105, 1106 [2006]). Contrary to defendants' further contention, the presence of a safety harness in plaintiff's truck and "[t]he mere presence of [other safety devices] somewhere at the worksite" does not satisfy defendants' duty to provide appropriate safety devices (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524 [1985], *rearg denied* 65 NY2d 1054 [1985]). Present—Gorski, J.P., Smith, Centra, Fahey and Green, JJ.