■ LARRY C. HOLLY et al., Respondents, v COUNTY OF CHAUTAUQUA et al., Appellants. [881 NYS2d 741]—

Appeals from an order of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered April 30, 2008 in a personal injury action. The order granted the motion of plaintiffs for partial summary judgment on the issue of liability under Labor Law § 240 (1) and denied the cross motions of defendants for summary judgment dismissing the common-law negligence cause of action and the Labor Law §§ 200 and 241 (6) claims.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the cross motions in part and dismissing the common-law negligence cause of action and the Labor Law §§ 200 and 241 (6) claims insofar as the latter claim is premised upon the alleged violations of the regulations set forth in the bills of particulars and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Larry C. Holly (plaintiff) while he was erecting a wall composed of concrete blocks at the Chautauqua County Jail. As he lifted a 40-pound block over his head and attempted to place that block on the top row of the wall, plaintiff lost his balance and either fell or jumped to the concrete floor from the scaffold on which he was working. The scaffold was approximately six feet from the floor and did not have a restraint bar. We conclude that Supreme Court properly granted plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1). "Plaintiff[s] met [their] initial burden of establishing that [plaintiff] was not furnished with appropriate safety devices within the meaning of the statute and that the absence of any such devices was a proximate cause of his injuries" (*Howe v Syracuse Univ.*, 306 AD2d 891, 892 [2003]; *see Capasso v Kleen All of Am., Inc.*, 43 AD3d 1346, 1346-1347 [2007]; *LoVerde v 8 Prince St. Assoc., LLC*, 35 AD3d 1224, 1225 [2006]; *see generally Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]). The absence of guardrails violates section 240 (1) under the facts of this case (*see Bland v Manocherian*, 66 NY2d 452, 461 n 3 [1985]; *Cartella v Strong Museum*, 135 AD2d 1089 [1987]). Defendants contend that there is an issue of fact whether plaintiff's actions were the sole proximate cause of the accident and thus that the court erred in granting plaintiffs' motion. That contention is premised solely upon a notation in plaintiff's hospital records indicating that plaintiff jumped from the scaffold. Even assuming, arguendo, that the hospital records are admissible (*see Passino v DeRosa*, 199 AD2d 1017, 1017-1018 [1993]; *cf. Gier v CGF Health Sys.*, 307 AD2d 729, 730 [2003]), we conclude that defendants'

contention lacks merit (*see Howe*, 306 AD2d at 892; *Sherman v Piotrowski Bldrs.*, 229 AD2d 959, 959-960 [1996]).

We further conclude, however, that the court erred in denying those parts of the respective cross motions of defendants for summary judgment dismissing the common-law negligence cause of action and the Labor Law § 200 claim, and we therefore modify the order accordingly. Defendants met their burden in support of those parts of their cross motions with respect to the common-law negligence cause of action and the section 200 claim by establishing that they did not control the methods or manner in which plaintiff performed his work and had only general supervisory authority at the work site or the authority to stop work for safety reasons (*see Barends v Louis P. Ciminelli Constr. Co., Inc.*, 46 AD3d 1412, 1413 [2007]; *Hughes v Tishman Constr. Corp.*, 40 AD3d 305, 309 [2007]). In opposition, plaintiffs failed to raise a triable issue of fact sufficient to defeat those parts of the cross motions (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We also agree with defendants that the court erred in denying that part of their respective cross motions seeking dismissal of the Labor Law § 241 (6) claim insofar as it is premised upon the alleged violations of the regulations set forth in plaintiffs' bills of particulars, and we therefore further modify the order accordingly. "It is well settled that an [Occupational Safety and Health Administration (OSHA)] regulation generally cannot provide a basis for liability under Labor Law § 241 (6)" (*Millard v City of Ogdensburg*, 274 AD2d 953, 954 [2000]; *see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 351 n [1998]; *Williams v White Haven Mem. Park*, 227 AD2d 923, 924 [1996]), and defendants thus were entitled to summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is premised upon the alleged violation of OSHA regulations. With respect to the alleged violations of the Industrial Code, the moving parties must demonstrate that they did not violate the regulations upon which the section 241 (6) claim is based, that the regulations are not applicable to the facts of the case, or that the alleged violation was not a proximate cause of the accident (*see Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1348-1349 [2003]). "12 NYCRR 23-5.1 (f) does not support the [section] 241 (6) [claim] because it sets forth a general rather than a specific safety standard" (*Sopha v Combustion Eng'g*, 261 AD2d 911, 912 [1999]). Even assuming, arguendo, that 12 NYCRR 23-5.1 (h) sets forth a specific safety standard, we conclude that it is not applicable to the facts of this case because plaintiff's accident was unrelated to the erection or removal of a scaffold (*see*

*generally Lavore v Kir Munsey Park 020, LLC*, 40 AD3d 711, 713 [2007], *lv denied* 10 NY3d 701 [2008]). Finally, plaintiffs' reliance upon 12 NYCRR 23-1.15, 23-5.1 (j) and 23-5.4 is misplaced, inasmuch as there were no safety railings on the scaffold in question (*see Partridge v Waterloo Cent. School Dist.*, 12 AD3d 1054, 1055-1056 [2004]). Present—Scudder, P.J., Smith, Fahey, Carni and Pine, JJ.