KEITH LONG, Appellant, v CELLINO & BARNES, P.C., et al., Respondents. [892 NYS2d 692]—

Memorandum: Plaintiff commenced this legal malpractice action seeking, inter alia, damages resulting from the conceded negligence of defendants in representing him in the underlying action by failing to commence the action against the proper parties in a timely manner. Supreme Court erred in denying plaintiff's motion seeking partial summary judgment on the first cause of action against defendants insofar as it is based upon the loss of a viable Labor Law § 240 (1) claim in the underlying action. We note that, on a prior appeal, we affirmed an order granting, inter alia, those parts of the cross motion of defendants seeking summary judgment dismissing the second and third causes of action against them (*Long v Cellino & Barnes, P.C.*, 59 AD3d 1062 [2009]). We agree with plaintiff that he met his burden of establishing that he would have prevailed on the Labor Law § 240 (1) claim in the underlying action but for defendants' negligence (*see generally McKenna v Forsyth & Forsyth*, 280 AD2d 79, 81 [2001], *lv denied* 96 NY2d 720 [2001]). In support of his motion, plaintiff established that he was injured by a fall from an elevated work site and that the absence of appropriate safety devices was a proximate cause of his injuries (*see Ewing v ADF Constr. Corp.*, 16 AD3d 1085, 1086 [2005]). Defendants failed to raise a triable issue of fact in opposition to the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to defendants' contention, the nondelegable duty imposed upon the owner and general contractor under Labor Law § 240 (1) " 'is not met merely by providing safety instructions or by making other safety devices available, but by furnishing, placing and operating such devices so as to give [a worker] proper protection' " (*Haystrand v County of Ontario*, 207 AD2d 978 [1994]; *see Heath v Soloff Constr.*, 107 AD2d 507, 512 [1985]).

Finally, defendants contend that, despite their failure to cross appeal, we should exercise our power to grant their instant cross motion seeking summary judgment dismissing the first cause of action against them (*see generally Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111 [1984]). In view of our determination with respect to plaintiff's appeal, we reject that contention. Present—Scudder, P.J., Smith, Peradotto, Green and Gorski, JJ.