■ JON DENNIS FERRIS, SR., et al., Respondents, v BENBOW CHEMICAL PACKAGING, INC., Appellant. [905 NYS2d 394]—

Appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered September 17, 2009 in a personal injury action. The order granted plaintiffs' motion for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Jon Dennis Ferris, Sr. (plaintiff). We conclude that Supreme Court properly granted plaintiffs' motion for partial summary judgment on liability with respect to the Labor Law § 240 (1) cause of action. At the time of the accident, plaintiff was installing a pipe system for cleaning defendant's cylindrical storage tanks. Plaintiff was working on an A-frame ladder, which he had leaned against one of the tanks in the closed position, when the ladder partially slid out from underneath him.

The ladder stopped sliding when it reached a seam in the concrete floor, causing the rung on which plaintiff was standing to break and plaintiff to fall. Plaintiffs met their initial burden of establishing "as a matter of law that [plaintiff] was injured as the result of a fall from an elevated work site and that defendant[ ] failed to provide a sufficient safety device" (*Aton v Syracuse Univ.*, 24 AD3d 1315, 1316 [2005]). In support of the motion, plaintiffs submitted the deposition testimony of plaintiff, in which he testified that there were no operable safety devices available for his use on the work site that day. In opposition, defendant failed to raise a triable issue of fact whether plaintiff's own actions were the sole proximate cause of the accident (*see generally Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Lovall v Graves Bros., Inc.*, 63 AD3d 1528, 1529 [2009]). Contrary to defendant's contention, whether plaintiff was negligent in using the A-frame ladder in the closed position is irrelevant inasmuch as "contributory negligence will not exonerate a defendant who has violated [Labor Law § 240 (1)] and proximately caused a plaintiff's injury" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 286 [2003]; *see Whalen v ExxonMobil Oil Corp.*, 50 AD3d 1553 [2008]).

We reject defendant's further contention that plaintiff was not engaged in an activity protected by Labor Law § 240 (1) at the time of the accident. Plaintiff's installation of a pipe system for cleaning the tanks constituted a significant physical change to the tanks that went beyond routine maintenance, and thus plaintiff was engaged in "altering" structures within the meaning of the statute (§ 240 [1]; *see Joblon v Solow*, 91 NY2d 457, 465 [1998]; *Weininger v Hagedorn & Co.*, 91 NY2d 958, 959-960 [1998], *rearg denied* 92 NY2d 875 [1998]). Present—Smith, J.P., Fahey, Carni, Green and Gorski, JJ.