# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

670

CA 10-02435

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

JASON THOME, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BENCHMARK MAIN TRANSIT ASSOCIATES, LLC, CHRISTA
CONSTRUCTION, LLC, DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.

---

WEBSTER SZANYI LLP, BUFFALO (KEVIN T. O'BRIEN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------

        Appeal from an order of the Supreme Court, Erie County (Joseph R.
Glownia, J.), entered March 11, 2010 in a personal injury action.  The
order, insofar as appealed from, granted those parts of the motion of
plaintiff seeking partial summary judgment on liability with respect
to the Labor Law § 240 (1) claim against defendants Benchmark Main
Transit Associates, LLC and Christa Construction, LLC.

        It is hereby ORDERED that the order insofar as appealed from is
reversed on the law without costs and those parts of plaintiff's
motion for partial summary judgment on the Labor Law § 240 (1) claim
against defendants Benchmark Main Transit Associates, LLC and Christa
Construction, LLC are denied.

        Memorandum:  Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries he sustained when the
scissor lift on which he was standing tipped over.  Benchmark Main
Transit Associates, LLC and Christa Construction, LLC (collectively,
defendants) appeal from an order that, inter alia, granted those parts
of plaintiff's motion for partial summary judgment on liability with
respect to the Labor Law § 240 (1) claim against them.  Although
defendants purport to appeal from "each and every portion of the
[o]rder . . . as well as from the whole [o]rder," we note that
defendants are aggrieved only by those parts of the order granting
plaintiff's motion with respect to the section 240 (1) claim against
them.  Contrary to defendants' contention, plaintiff met his initial
burden on those parts of the motion.  "In order for a plaintiff to
demonstrate entitlement to summary judgment on an alleged violation of
Labor Law § 240 (1), he [or she] must establish that there was a
violation of the statute, which was the proximate cause of the
worker's injuries . . . However, if adequate safety devices are

provided and the worker either chooses not to use them or misuses them, then liability under section 240 (1) does not attach" (*Cherry v Time Warner, Inc*., 66 AD3d 233, 236).  Here, plaintiff met his initial burden of establishing a statutory violation by submitting evidence that he was standing on the raised scissor lift when it tipped over and that he was in the process of measuring and installing metal studs at that time (*cf. Primavera v Benderson Family 1968 Trust*, 294 AD2d 923; *see generally Dean v City of Utica*, 75 AD3d 1130; *Ward v Cedar Key Assoc., L.P.*, 13 AD3d 1098).  Thus, the scissor lift "failed while plaintiff was [engaged in] . . . work requiring the statute's special protections" (*Melber v 6333 Main St.*, 91 NY2d 759, 763-764).

We agree, however, with the further contention of defendants that they raised a triable issue of fact whether plaintiff's actions were the sole proximate cause of his injuries.  In opposition to the motion, defendants submitted evidence that plaintiff was aware that holes had been cut into the concrete floor of the building in which he was working and that, on the morning of his accident, plaintiff had been specifically directed not to operate the scissor lift in the area where the holes had been cut.  Further, defendants submitted evidence that plaintiff drove the raised lift into that area while looking at the ceiling rather than where the lift was going.  Consequently, "[u]nlike those situations in which a safety device fails for no apparent reason, thereby raising the presumption that the device did not provide proper protection within the meaning of Labor Law § 240 (1), here there is a question of fact [concerning] whether the injured plaintiff's fall [resulted from] his own misuse of the safety device and whether such conduct was the sole proximate cause of his injuries" (*Bahrman v Holtsville Fire Dist*., 270 AD2d 438, 439).

SMITH, J.P., CARNI, and SCONIERS, JJ., concur; MARTOCHE, J., concurs in the following Memorandum:  I concur in the result reached by the majority, but I respectfully disagree with the majority's analysis.  In my view, plaintiff failed to meet his initial burden on those parts of his motion seeking partial summary judgment on liability with respect to the Labor Law § 240 (1) claim against Benchmark Main Transit Associates, LLC and Christa Construction, LLC (collectively, defendants).

The manner in which the accident occurred is not in dispute.  Plaintiff was standing on a scissor lift and, when he repositioned the scissor lift to perform his work, one of its wheels entered a hole in the floor and the scissor lift tipped over, causing plaintiff to fall and sustain injuries.  In my view, the facts of this case render it subject to the holding of the Court of Appeals in *Melber v 6333 Main St.* (91 NY2d 759).  There, the plaintiff was installing metal studs into the top of a drywall and, in order to reach the height necessary to complete his work, he stood on 42-inch stilts.  At some point during the course of his work, the plaintiff needed a clamp that was located some distance away from the work area, and he "walked" on the stilts down an open corridor to retrieve the clamp.  In the process, he tripped over electrical conduit protruding from the unfinished floor and fell to the ground, sustaining injuries.  The Court of Appeals held that Labor Law § 240 (1) should be broadly construed but

that the "extraordinary protections of the statute in the first instance apply only to a narrow class of dangers--a determination critical to the resolution of" the appeal in *Melber* (*id.* at 762).  The Court cited its decision in *Rocovich v Consolidated Edison Co.* (78 NY2d 509) and reiterated that "the statutory language did not itself specify the hazards to be guarded against[] but rather focused on the safety devices to be used to avoid them" (*Melber*, 91 NY2d at 762).  In *Rocovich* (78 NY2d at 511-512), the plaintiff worker injured his foot and ankle when he fell into a 12-inch trough containing heated industrial oil.  In determining that Labor Law § 240 (1) did not apply, the Court of Appeals stated that "it [was] difficult to imagine how [the] plaintiff's proximity to the 12-inch trough could have entailed an elevation-related risk [that] called for any of the protective devices of the types listed" in the statute (*id.* at 514-515).

With respect to the facts in *Melber* (91 NY2d at 763), the Court concluded that conduit protruding from the floor was akin to a trough filled with hot oil, inasmuch as it was a hazard against which employees should be protected, but that neither hazard could be avoided by proper placement or utilization of one of the safety devices listed in Labor Law § 240 (1).  The Court specified that the stilts in *Melber* performed the function required of them, namely, allowing the plaintiff to perform his work safely at a height, and it noted that, had the stilts failed while the plaintiff was installing the metal studs, "a different case would be presented" (*id.* at 764).  Nevertheless, the injury sustained by the plaintiff in *Melber* "resulted from a separate hazard--electrical conduit protruding from the floor," and thus the Court concluded that the injury "flowed from a deficiency in the device that was wholly unrelated to the hazard [that] brought about its need in the first instance" (*id.* [internal quotation marks omitted]).

Here, as in *Melber,* the accident was not the result of elevation-related work but, rather, it "was the result of a separate and unrelated hazard," namely, the unguarded hole (*Primavera v Benderson Family 1968 Trust*, 294 AD2d 923, 924).  As in *Melber*, none of the safety devices enumerated in the statute would have prevented the wheel of the scissor lift from entering the hole and causing the scissor lift to tip over.  Thus, I conclude that plaintiff is not entitled to partial summary judgment on the Labor Law § 240 (1) claim against defendants.  Neither, however, are defendants entitled to summary judgment dismissing that claim against them because there are other potential theories of liability that plaintiff may pursue at trial, including that he should have been provided with a lanyard and safety harness to use while working in the scissor lift at an elevated height (*see generally Leniar v Metropolitan Tr. Auth.*, 37 AD3d 425, 426).  Because plaintiff's bill of particulars is so general that such a theory could conceivably still be advanced, I see no reason to search the record and grant summary judgment dismissing the section 240 (1) claim against defendants.

PERADOTTO, J., dissents and votes to affirm in the following Memorandum:  I respectfully dissent because I cannot agree with the

majority that there is a triable issue of fact whether plaintiff's actions were the sole proximate cause of his injuries.

This Labor Law and common-law negligence action arises out of an accident that occurred during the construction of a large retail store (hereafter, project). The concrete floor of the building contained several three-foot by three-foot holes that were not guarded or barricaded in any manner, although wooden pallets had been placed in the holes as a safety measure. At the time of the accident, plaintiff was installing struts on the interior ceiling joists using a scissor lift raised to a height of approximately 20 feet. The task required plaintiff to occasionally reposition the scissor lift to enable him to reach other bolts on the same strut, as well as to move on to the next strut. While plaintiff was repositioning the scissor lift to reach the next strut, a wheel of the scissor lift entered one of the holes in the floor, causing the lift to tip over and plaintiff to fall to the ground. Plaintiff commenced this action against, inter alia, Benchmark Main Transit Associates, LLC, the owner of the property, and Christa Construction, LLC, the general contractor (collectively, defendants). Supreme Court granted those parts of plaintiff's motion for partial summary judgment on liability with respect to the Labor Law § 240 (1) claim against defendants. I would affirm.

I agree with the majority that plaintiff met his initial burden on those parts of the motion by establishing that the scissor lift "failed while plaintiff was [engaged in] . . . work requiring the . . . special protections" of Labor Law § 240 (1) (*Melber v 6333 Main St.*, 91 NY2d 759, 763-764). As the majority notes, plaintiff submitted evidence establishing that, at the time of the accident, he was standing on the raised scissor lift and was in the process of installing metal struts to the interior roof joists. Further, plaintiff "established the requisite causal link between his injuries and the violation of defendants' nondelegable duty to ensure that the scissor lift was 'so . . . placed and operated as to give proper protection' to plaintiff" (*Ward v Cedar Key Assoc., L.P.*, 13 AD3d 1098, quoting § 240 [1]).

Contrary to the conclusion of the majority, however, I conclude that defendants failed to raise a triable issue of fact whether plaintiff's actions were the sole proximate cause of his injuries. In opposition to the motion, defendants submitted the deposition testimony of the foreman on the project, who testified that, on the morning of the accident, he told plaintiff "to work in the center of the building" and away from the holes, which were located on the "sides" of the building. According to the foreman, plaintiff's accident occurred outside the area that the foreman defined as the "center" of the building, although he could not recall how far away from that area plaintiff was at the time of the accident. In viewing photographs of the work site, the foreman could not identify any "landmark" or other object demarcating the area he defined as the center of the building. Notably, plaintiff's employer was hired to install struts throughout the entire building, including the area where plaintiff's accident occurred, and the task required plaintiff to move the scissor lift around the building. In any event, even

assuming, arguendo, that plaintiff was "specifically directed not to operate the scissor lift in the area where the holes had been cut," as the majority states, defendants' "nondelegable duty under [Labor Law §] 240 (1) is not met merely by providing safety instructions . . ., but by furnishing, *placing* and operating [safety] devices so as to give [plaintiff] proper protection" (*Ewing v ADF Constr. Corp.*, 16 AD3d 1085, 1086 [internal quotation marks omitted] [emphasis added]; *see Haystrand v County of Ontario*, 207 AD2d 978). Here, "the fact that the scissor lift tipped establishes that it was not so 'placed . . . as to give proper protection' to plaintiff" (*Ward*, 13 AD3d 1098, quoting § 240 [1]). Thus, inasmuch as plaintiff established that the accident was caused, at least in part, by a statutory violation, his actions cannot be the sole proximate cause of his injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290; *Whiting v Dave Hennig, Inc.*, 28 AD3d 1105, 1106).

In determining that defendants raised a triable issue of fact whether plaintiff's actions were the sole proximate cause of the accident, the majority points to evidence submitted by defendants suggesting that plaintiff repositioned the raised lift "while looking at the ceiling rather than where the lift was going." That evidence, however, raises at most an issue of "contributory negligence[, which] is not a defense to a claim based on Labor Law § 240 (1)" (*Stolt v General Foods Corp.*, 81 NY2d 918, 920; *see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39; *Ferris v Benbow Chem. Packaging, Inc.*, 74 AD3d 1831).

Entered:  July 8, 2011                          Patricia L. Morgan
                                                Clerk of the Court