# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1051
CA 10-02273
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GREEN, JJ.

JUAN MAZURETT AND THERESA MAZURETT,
PLAINTIFFS-RESPONDENTS,

V                                      MEMORANDUM AND ORDER

ROCHESTER CITY SCHOOL DISTRICT,
DEFENDANT-APPELLANT.

HURWITZ & FINE, P.C., BUFFALO (DAVID R. ADAMS OF COUNSEL), FOR
DEFENDANT-APPELLANT.

VALERIO & KUFTA, P.C., ROCHESTER (A. VINCENT BUZARD OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered August 19, 2010 in a personal injury action. The order, insofar as appealed from, granted the motion of plaintiffs for partial summary judgment on liability pursuant to Labor Law § 240 (1) and denied in part the cross motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Juan Mazurett (plaintiff) when he fell from a collapsing scaffold at a construction site on property owned by defendant. The accident occurred while plaintiff was attempting to climb the scaffold, which had been provided to him by his employer, the general contractor at the construction site. Defendant contends that Supreme Court erred in granting plaintiffs' motion seeking partial summary judgment on liability with respect to the Labor Law § 240 (1) claim and erred in denying that part of defendant's cross motion seeking summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims. We reject that contention.

Plaintiffs met their initial burden of establishing a prima facie violation of Labor Law § 240 (1). The fact that the scaffold collapsed "is sufficient to establish as a matter of law that the [scaffold] was not so 'placed . . . as to give proper protection' to plaintiff" pursuant to the statute (*Dean v City of Utica*, 75 AD3d 1130, 1131; *see Tapia v Mario Genovesi & Sons, Inc.*, 72 AD3d 800, 801; *see also Cantineri v Carrere*, 60 AD3d 1331). In opposition to the

motion, defendant failed to raise a triable issue of fact whether plaintiff's "own conduct, rather than any violation of Labor Law § 240 (1), was the sole proximate cause of his accident" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40). We reject defendant's contention that plaintiff was a recalcitrant worker whose own actions were the sole proximate cause of the accident. Although defendant submitted evidence that plaintiff was instructed to use a more stable scaffold and to use a ladder to ascend the scaffold, defendant failed to submit any evidence that plaintiff refused to use a particular scaffold or ladder that was provided to him. "The mere presence of [other safety devices] somewhere at the work[]site" does not satisfy defendant's duty to provide appropriate safety devices (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524, *rearg denied* 65 NY2d 1054; *see Williams v City of Niagara Falls*, 43 AD3d 1426; *Whiting v Dave Hennig, Inc.*, 28 AD3d 1105, 1106). Even assuming, arguendo, that plaintiff was negligent, we conclude that his own conduct cannot be deemed the sole proximate cause of the accident inasmuch as plaintiffs established that a statutory violation was a proximate cause of plaintiff's injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290; *Calderon v Walgreen Co.*, 72 AD3d 1532, *appeal dismissed* 15 NY3d 900).

Entered: October 7, 2011 Patricia L. Morgan
Clerk of the Court