JOSEPH LUNA, Respondent, v ZOOLOGICAL SOCIETY OF BUF-FALO, INC., Appellant. [958 NYS2d 807]—

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while working as a carpenter on a construction project for defendant. Supreme Court properly granted plaintiff's motion for partial summary judgment on liability with respect to the Labor Law § 240 (1) claim. Plaintiff sustained his initial burden of establishing that he was injured as the result of a fall from an elevated work surface and that

defendant failed to provide a sufficient safety device (*see Ferris v Benbow Chem. Packaging, Inc.*, 74 AD3d 1831, 1832 [2010]; *see generally Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). In opposition, defendant failed to raise a triable issue of fact whether plaintiff's " 'own conduct, rather than any violation of Labor Law § 240 (1), was the sole proximate cause of [the] accident' " (*Mazurett v Rochester City School Dist.*, 88 AD3d 1304, 1305 [2011], quoting *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]). We reject defendant's contention that there is an issue of fact whether plaintiff was a recalcitrant worker whose own actions were the sole proximate cause of the accident. Although defendant submitted evidence that plaintiff was instructed not to work in a particular area and violated those instructions, "the nondelegable duty imposed upon the owner and general contractor under Labor Law § 240 (1) is not met merely by providing safety instructions or by making other safety devices available, but by furnishing, placing and operating such devices so as to give [a worker] proper protection" (*Long v Cellino & Barnes, P.C.*, 68 AD3d 1706, 1707 [2009] [internal quotation marks omitted]), which was not done here. Thus, "[t]he mere failure by plaintiff to follow safety instructions does not render plaintiff a recalcitrant worker" (*Whiting v Dave Hennig, Inc.*, 28 AD3d 1105, 1106 [2006] [internal quotation marks omitted]). Present—Centra, J.P., Fahey, Valentino and Martoche, JJ.