# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1357**
**CA 12-01064**
PRESENT: CENTRA, J.P., FAHEY, VALENTINO, AND MARTOCHE, JJ.

JOSEPH LUNA, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ZOOLOGICAL SOCIETY OF BUFFALO, INC.,
DEFENDANT-APPELLANT.

LAW OFFICES OF LAURIE G. OGDEN, ROCHESTER (GARY J. O'DONNELL OF
COUNSEL), FOR DEFENDANT-APPELLANT.

PAUL WILLIAM BELTZ, P.C., BUFFALO (DEBRA A. NORTON OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Tracey A.
Bannister, J.), entered October 17, 2011.  The order granted the
motion of plaintiff for partial summary judgment pursuant to Labor Law
§ 240 (1).

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries he sustained while working as a carpenter on a construction
project for defendant.  Supreme Court properly granted plaintiff's
motion for partial summary judgment on liability with respect to the
Labor Law § 240 (1) claim.  Plaintiff sustained his initial burden of
establishing that he was injured as the result of a fall from an
elevated work surface and that defendant failed to provide a
sufficient safety device (*see Ferris v Benbow Chem. Packaging, Inc.*,
74 AD3d 1831, 1832; *see generally Runner v New York Stock Exch., Inc.*,
13 NY3d 599, 603).  In opposition, defendant failed to raise a triable
issue of fact whether plaintiff's " 'own conduct, rather than any
violation of Labor Law § 240 (1), was the sole proximate cause of the
accident' " (*Mazurett v Rochester City School Dist.*, 88 AD3d 1304,
1305, quoting *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35,
40).  We reject defendant's contention that there is an issue of fact
whether plaintiff was a recalcitrant worker whose own actions were the
sole proximate cause of the accident.  Although defendant submitted
evidence that plaintiff was instructed not to work in a particular
area and violated those instructions, "the nondelegable duty imposed
upon the owner and general contractor under Labor Law § 240 (1) is not
met merely by providing safety instructions or by making other safety
devices available, but by furnishing, placing and operating such
devices so as to give [a worker] proper protection" (*Long v Cellino &*

*Barnes, P.C.*, 68 AD3d 1706, 1707 [internal quotation marks omitted]), which was not done here.  Thus, "[t]he mere failure by plaintiff to follow safety instructions does not render plaintiff a recalcitrant worker" (*Whiting v Dave Hennig, Inc*., 28 AD3d 1105, 1106 [internal quotation marks omitted]).

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court