# SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

519
CA 12-01962
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND WHALEN, JJ.

---

MARC A. NICOMETI, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

THE VINEYARDS OF FREDONIA, LLC,
WINTER-PFOHL, INC., DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.
-----------------------------------------------
SCOTT PFOHL, ET AL., THIRD-PARTY PLAINTIFFS,

V

WESTERN NEW YORK PLUMBING-ELLICOTT PLUMBING
AND REMODELING CO., INC.,
THIRD-PARTY DEFENDANT-APPELLANT.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (ROBERT D. LEARY OF COUNSEL),
FOR DEFENDANT-APPELLANT WINTER-PFOHL, INC.

BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR
DEFENDANT-APPELLANT THE VINEYARDS OF FREDONIA, LLC.

BAXTER SMITH & SHAPIRO, P.C., WEST SENECA (LOUIS B. DINGELDEY, JR., OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.

THE BALLOW LAW FIRM, P.C., BUFFALO (JASON A. RICHMAN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

     Appeals from an order of the Supreme Court, Erie County (Thomas
J. Drury, J.), entered June 12, 2012.  The order, inter alia, granted
the motion of plaintiff for partial summary judgment on liability
against defendants The Vineyards of Fredonia, LLC and Winter-Pfohl,
Inc.

     It is hereby ORDERED that the order so appealed from is modified
on the law by denying plaintiff's motion and as modified the order is
affirmed without costs.

     Memorandum:  Plaintiff commenced this common-law negligence and
Labor Law action seeking damages for injuries he sustained when he
fell at a construction site.  Plaintiff moved for partial summary
judgment on the issue of liability with respect to the Labor Law § 240
(1) claim, defendant Winter-Pfohl, Inc., cross-moved for, inter alia,
summary judgment dismissing that claim against it, defendant The

Vineyards of Fredonia, LLC (The Vineyards) opposed plaintiff's motion and also sought dismissal of the Labor Law § 240 (1) claim, and third-party defendant opposed both the motion and the cross motion. The Vineyards, Winter-Pfohl, Inc., and third-party defendant (collectively, defendants) appeal from an order that, among other things, granted the motion and denied the cross motion.

Contrary to the contention of defendants, Supreme Court properly concluded that plaintiff's fall was the result of an elevation-related risk for which Labor Law § 240 (1) provides protection. Plaintiff alleged that he fell when his stilts slipped on ice while he was installing insulation at an elevated level, i.e., the ceiling. It is well settled that "[t]he contemplated hazards [covered by the statute] are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). Here, the "risk was created by the need to elevate plaintiff to the height [of the ceiling], and the [stilts were] the . . . safety device provided to protect the worker from the risk inherent in having to work at a height" (*Felker v Corning Inc.*, 90 NY2d 219, 224). Inasmuch as the stilts "failed while plaintiff was installing the [insulation on the ceiling]—work requiring the statute's special protections" (*Melber v 6333 Main St.*, 91 NY2d 759, 763-764), the court properly concluded that the statute applies to plaintiff's section 240 (1) claim. Consequently, the court properly denied the cross motion.

Nevertheless, we agree with defendants' further contention that the court erred in granting the motion because we conclude that there is a triable issue of fact whether plaintiff's actions were the sole proximate cause of his injuries. Although plaintiff met his initial burden on the motion (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324), defendants raised a triable issue of fact by introducing evidence that he was directed not to work in the area where the ice was located. Thus, " '[u]nlike those situations in which a safety device fails for no apparent reason, thereby raising the presumption that the device did not provide proper protection within the meaning of Labor Law § 240 (1), here there is a question of fact [concerning] whether the injured plaintiff's fall [resulted from] his own misuse of the safety device and whether such conduct was the sole proximate cause of his injuries' " (*Thome v Benchmark Main Tr. Assoc., LLC*, 86 AD3d 938, 940). We therefore modify the order accordingly.

We have considered defendants' remaining contentions and conclude that they are without merit.

All concur except FAHEY and WHALEN, JJ., who dissent and vote to affirm in the following Memorandum: We respectfully dissent. We agree with the majority that Supreme Court properly concluded that plaintiff is a covered worker under Labor Law § 240 (1). We cannot agree with the majority, however, that there is a triable issue of fact whether plaintiff's conduct was the sole proximate cause of the

accident.  We therefore conclude that the court properly granted plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and would affirm.

This action arises out of an accident that occurred as plaintiff worked from stilts to install insulation on a ceiling at an apartment complex.  The stilts were set in such a way that the bottoms of plaintiff's feet were between three and five feet off of the floor.  Plaintiff and plaintiff's supervisor (supervisor) both testified at their depositions that they saw ice on the floor of the area in which plaintiff was working, and the supervisor recalled that the ice covered approximately a four-foot by four-foot area and was not more than one-eighth of an inch thick.  Although, in his words, the ice was "clear like water," the supervisor merely told plaintiff "not to be in that area," and took no measures to protect plaintiff from that hazard.  Indeed, despite the fact that plaintiff's work required plaintiff to look up and away from the floor to complete his assigned task, the supervisor did not guard the ice with caution tape, barricades or similar devices, and thus left plaintiff unprotected from that hazard.

As the majority notes, plaintiff alleges that he fell when the stilts slipped on the ice while he was working.  We respectfully disagree with the majority that there is an issue of fact whether plaintiff's conduct was the sole proximate cause of his accident inasmuch as the record establishes that plaintiff was not provided with a proper safety device.  "[T]he nondelegable duty . . . under Labor Law § 240 (1) 'is not met merely by providing safety instructions . . . , but [rather is met] by *furnishing*, *placing* and operating such devices so as to give [plaintiff] proper protection' " (*Long v Cellino & Barnes, P.C.*, 68 AD3d 1706, 1707 [emphasis added and internal quotation marks omitted]).  In our view, "stilts on ice" is the wrong device from which to work at an elevation, and we thus conclude that plaintiff was not furnished with a proper safety device as a matter of law (*see Ewing v ADF Constr. Corp.*, 16 AD3d 1085, 1086).  "Where, as here, there is a statutory violation that is a proximate cause of the injuries, 'plaintiff cannot be solely to blame for [it]' " (*id.*, quoting *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290).  Even assuming, arguendo, that plaintiff was provided with proper protection, we further conclude that his actions cannot be the sole proximate cause of the accident because under the circumstances of this case the stilts were not " 'so . . . placed . . . as to give proper protection' to plaintiff" (*Ward v Cedar Key Assoc., L.P.*, 13 AD3d 1098, 1098; *see Blake*, 1 NY3d at 290).

Finally, we note that *Thome v Benchmark Main Tr. Assoc., LLC* (86 AD3d 938) does not compel a different result here.  In that Labor Law § 240 (1) case, the majority concluded that there was a question of fact whether the plaintiff fell as a result of his own misuse of a scissor lift, and whether that conduct was the sole proximate cause of his injuries (*id.* at 939-940).  There, the defendants tendered "evidence that plaintiff was aware that holes had been cut into the concrete floor of the building in which he was working and that, on

the morning of his accident, plaintiff had been specifically directed not to operate the scissor lift in the area where the holes had been cut" (*id.*).  The defendants also offered "evidence that plaintiff drove the raised lift into that area while looking at the ceiling rather than where the lift was going" (*id.* at 940).

Our review of the record in *Thome*, however, reveals that the plaintiff in that case was not merely instructed to stay away from a hazard.  The "holes" in question in *Thome*, although not protected by caution tape, barricades or cones, were marked by wood pallets that "came up a little bit" inside those depressions, which measured three feet by three feet and were six inches deep.  Although those wood pallets were apparently difficult to distinguish from the depressions at issue at the time of the accident because it had rained earlier on the morning of the accident, the fact remains that there was at least some demarcation of the hazard in that case.  Here, the ice that formed the dangerous condition covered an unmarked four-foot by four-foot area.  Moreover, the ice was undeniably unremarkable to the extent that it was not more than one-eighth of an inch thick and, in the supervisor's words "clear like water."  Consequently, *Thome* does not bind us here.

Entered:  June 14, 2013                           Frances E. Cafarell
                                                  Clerk of the Court