■ TIMOTHY G. SWEDENHJELM, Appellant, v SAFWAY STEEL PRODUCTS, INC., Respondent. [796 NYS2d 800]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered April 8, 2004 in a personal injury action. The order, insofar as appealed from, denied plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and granted that part of defendant's cross motion for summary judgment dismissing the Labor Law § 240 (1) cause of action.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, that part of the cross motion with respect to the third cause of action is denied, the third cause of action is reinstated, and the motion is granted.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was struck by a steel plank dropped from a scaffold by a coworker. We agree with plaintiff that Supreme Court erred in denying his motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and in granting that part of defendant's cross motion seeking summary judgment dismissing that cause of action.

With respect to falling objects, Labor Law § 240 (1) places a nondelegable duty upon owners and general contractors and their agents to protect workers from, inter alia, "hazards . . . related to the effects of gravity where protective devices are called for . . . because of . . . a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). Here, plaintiff submitted evidence establishing as a matter of law that defendant was the contractor for the erection of the scaffolding at the plant and that defendant supervised and controlled the work site (*see generally Fiorentine v Militello*, 275 AD2d 990, 992 [2000]), and defendant failed to raise an issue of fact with respect thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to defendant's contention, the

court erred in determining that plaintiff was not a part of the crew dismantling the scaffolding because, at the time of his injury, he was returning to the work site from a computer training class. Rather, the record establishes that plaintiff was not "an incidental visitor to the construction site" and indeed was an "integral part of the work crew . . . on a daily basis" (*Longo v Metro-North Commuter R.R.*, 275 AD2d 238, 239 [2000]). We therefore conclude that plaintiff is "fully entitled to the same statutory protection as his [coworkers]" (*id.* at 239-240). Present—Pigott, Jr., P.J., Gorski, Smith, Pine and Lawton, JJ.