# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1440**

**CA 12-00460**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

JOSEPH MILES, PLAINTIFF-APPELLANT-RESPONDENT,

                    V                                        MEMORANDUM AND ORDER

GREAT LAKES CHEESE OF NEW YORK, INC. AND
MURNANE BUILDING CONTRACTORS, INC.,
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

MICHAELS & SMOLAK, P.C., AUBURN (MICHAEL G. BERSANI OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

HISCOCK & BARCLAY, LLP, SYRACUSE (MATTHEW J. LARKIN OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT GREAT LAKES CHEESE OF NEW YORK, INC.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (JENNIFER L. WANG OF
COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT MURNANE BUILDING
CONTRACTORS, INC.

---

Appeal and cross appeals from an order of the Supreme Court,
Onondaga County (Deborah H. Karalunas, J.), entered December 15, 2011.
The order denied the motion of plaintiff for partial summary judgment
on liability with respect to the Labor Law § 240 (1) cause of action
and denied in part the cross motions of defendants for summary
judgment dismissing the complaint against them.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting plaintiff's motion and as
modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law action seeking
damages for injuries he sustained when he was struck in the head by
two scaffold planks weighing between 50 and 70 pounds each. At the
time of the accident, plaintiff and a coworker were in the process of
raising the planks from the lowest level on the scaffolding, which was
approximately 3½ feet above the ground, to a higher level
approximately 20 inches above the lowest level. The coworker balanced
himself between the scaffold frame and one of the outriggers, where he
then lifted the end of the planks while plaintiff knelt on the ground
and attempted to move another outrigger. The coworker subsequently
lost his balance, let go of the planks, and dropped them onto
plaintiff's head.

Plaintiff moved for partial summary judgment on liability with
respect to the Labor Law § 240 (1) cause of action, and defendants

each cross-moved for summary judgment dismissing the complaint against them.  Supreme Court denied the motion and granted the cross motions in part by dismissing the Labor Law § 241 (6) cause of action insofar as it was premised upon two of the three Industrial Code regulations that defendants allegedly violated.  Plaintiff appeals, and defendants cross-appeal.

With respect to the appeal, we conclude that the court erred in denying plaintiff's motion, and we therefore modify the order accordingly.  Plaintiff established as a matter of law that he was exposed to "hazards . . . related to the effects of gravity where protective devices are called for . . . because of . . . a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514; *see Swedenhjelm v Safway Steel Prods., Inc.*, 19 AD3d 1004, 1004).  Plaintiff further established that he was exposed to "a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603), and that his task "necessarily placed [him] in a position where he was at risk of being struck by . . . falling [planks]" (*Heidelmark v State of New York*, 1 AD3d 748, 749).  Specifically, Labor Law § 240 (1) was violated because the safety device at issue in this case, i.e., the scaffold frame, was not "so constructed, placed and operated as to give proper protection" to plaintiff, inasmuch as it was inadequate to protect him from the foreseeable risk that his coworker might drop the planks onto him (§ 240 [1]; *see generally Felker v Corning Inc.*, 90 NY2d 219, 224-225).

Contrary to the court's determination, defendants failed to raise a triable issue of fact either with respect to whether plaintiff's alleged misuse of the scaffold was the sole proximate cause of his injuries or with respect to whether plaintiff was a recalcitrant worker (*see Whiting v Dave Hennig, Inc.*, 28 AD3d 1105, 1106).  Indeed, our conclusion that plaintiff established, as a matter of law, that defendants violated section 240 (1) necessarily precludes a finding that plaintiff's conduct was the sole proximate cause of his injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290-291).  Furthermore, although plaintiff was instructed to stay under the scaffold frame during the process of raising the planks to a higher level, he cannot be deemed to be a recalcitrant worker by virtue of his alleged failure to abide by that instruction.  Nothing in the record suggests that plaintiff refused to use an available and adequate safety device (*see Gallagher v New York Post*, 14 NY3d 83, 88-89), and "[a]n instruction by an employer or owner to avoid 'unsafe practices is not a 'safety device' in the sense that plaintiff's failure to comply with the instruction is equivalent to refusing to use available, safe and appropriate equipment' " (*Szuba v Marc Equity Props., Inc.*, 19 AD3d 1176, 1177, quoting *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 563).

Regarding the cross appeal, we conclude that the court properly denied those parts of the cross motions with respect to the cause of action under Labor Law § 241 (6) insofar as it was premised upon defendants' alleged violation of 12 NYCRR 23-5.6 (f), the remaining

Industrial Code regulation that plaintiff relied on.  Defendants failed to establish as a matter of law that such regulation does not apply to these facts, that it was not violated, or that any violation thereof was not a proximate cause of plaintiff's injuries (*see generally Treu v Cappelletti*, 71 AD3d 994, 998).

Entered:  February 1, 2013                    Frances E. Cafarell
                                              Clerk of the Court